(April 19, 1922.)

C. A. McKENZIE and JAMES ARMSTRONG, Executors
of the Estate of CHARLES B. SMITH, Deceased,
FRANK G. TICKNOR, Administrator in Idaho of the
Estate of CHARLES B. SMITH, Deceased, HARRIET
E. ARMSTRONG and JAMES ARMSTRONG, Sole
Legatees of All of the Estate of CHARLES B. SMITH,
Located in the State of Idaho, Respondents, v. VIN-
CENT D. MILLER, Executor of the Estate of BENJA-
MIN MOYSES, . Deceased, SIDNEY LOEB, MORRIS
MOSES, MRS. SAUL ALLMAN, SETTLEMENT
HOUSE, Under Council of Jewish Women of Seattle,
Washington, MRS. C. STAADACKER, SAMUEL
MOYSES, MRS. EVA BACH, EMANUEL MOYSES
and MRS. TILLIE HERFF, All Legatees Under the Will
of BENJAMIN MOYSES, Deceased, ALL UNKNOWN
HEIRS OF BENJAMIN MOYSES, Deceased, S. S.
LOEB, EMANUEL MOYSES, MOUNTAIN HOME CO-
OPERATIVE IRRIGATION COMPANY, a Corpora-
tion, COUNTY OF ELMORE, IDAHO, THE STATE
OF IDAHO, ALL UNKNOWN OWNERS OF AND
ALL UNKNOWN PERSONS HAVING ANY INTER-
EST OR LIEN ON ANY OF THE PROPERTY DE-
SCRIBED IN THIS COMPLAINT, Appellants.

[206 Pac. 505.]

PARTITION PROCEEDING — INTERLOCUTORY JUDGMENT BY DEFAULT —
RIGHT OF PARTY TO APPEAR AFTERWARDS AND OBJECT TO CONFIR-
MATION OF REPORT OF REFEREES—GROUNDS OF OBJECTION TO RE-
PORT OF REFEREES—RIGHT OF MORTGAGEE TO OBJECT TO REPORT OF
REFEREES.

1. The fact that a party to a partition proceeding does not
plead to the original complaint and that an interlocutory decree
is entered against him by default does not prevent him from ap-
pearing after the referees' report is filed and contesting the parti-
tion embodied in the report, on the ground that it is not in ac-
cordance with the directions of the interlocutory decree or that it
is unfair and inequitable.

2. One who holds a mortgage on an undivided interest in property which is the subject of a partition suit and who is made a party has the right to appear and object to the confirmation of the report on the ground that the property partitioned to his mortgagor is less than the mortgagor is fairly entitled to, and not of sufficient value to fairly secure the mortgage debt.

APPEAL from the District Court of the Fourth Judicial District, for Elmore County. Hon. H. F. Ensign, Judge.

Proceeding for partition of real property. Appeal from decree confirming the report of referees. *Reversed* and *remanded.*

Green & Green and Frank T. Wyman, for Appellants.

There can be no partition without an interlocutory judgment which must determine the rights of the parties. (Knapp on Partition, p. 206; Freeman on Cotenancy and Partition, sec. 516; *Lorenz v. Jacobs,* 53 Cal. 24; *Emeric v. Alvarado,* 64 Cal. 529, 2 Pac. 418.)

J. G. Watts, for Respondents.

The appellant Loeb being in default had no right to appear by motion or otherwise (except a motion to set aside the default), without leave of the court, and any appearance by him was without avail until the default was set aside, and he was permitted by the court to appear. (23 Cyc. 754; *Hall v. Whittier,* 20 Ida. 120, 116 Pac. 1031.)

A mortgagee of the undivided interest of one of the cotenants is not entitled, as a matter of law, to be heard upon the question of the partition of the property among the cotenants. (C. S., secs. 6985, 6986, 6993; 30 Cyc. 156, 157; *Port v. Parfit,* 4 Wash. 369, 30 Pac. 328; *Helmick v. Kraft,* 84 W. Va. 159, 99 S. E. 325.)

The interlocutory judgment is sufficient for the case at issue. (30 Cyc. 251.) As to whether the conduct of the referees was such that their report should be set aside: *Field v. Leiter,* 16 Wyo. 1, 125 Am. St. 997, 90 Pac. 378, 92 Pac. 622.)

McCARTHY, J.—This is a partition proceeding. Charles B. Smith and Benjamin Moyses became equal co-owners of certain lands in Élmore county. Smith held his one-half until his death, when respondents McKenzie and Armstrong, the executors of his will, brought this action, joining with them, respondents Harriet E. and James Armstrong, the sole legatees of all Smith's estate in Idaho. Benjamin Moyses sold his interest to appellant Loeb. The estate of Charles B. Smith and Loeb thus each owned an undivided one-half interest in the lands in question. Loeb gave a mortgage upon his one-half interest to appellant Emanuel Moyses for $11,500, with six per cent interest from January 17, 1916. The complaint sets out the facts above summarized and also sufficient facts to justify a partition.

Referees were appointed and filed their written report, partitioning the lands between the estate of Charles B. Smith, deceased, and appellant Loeb, and the matter came on for hearing on motion of respondents for confirmation of the report. Written objections to its confirmation were filed by appellants Loeb and Moyses. As one ground of objection appellants stated that the partition provided for in the report was unfair and inequitable. The court entered a decree confirming the report and decreeing appellant Moyses' mortgage to be a lien only on the portion decreed to appellant Loeb. From it this appeal is taken.

The decree states that evidence was taken. No oral evidence appears in the record. The record does contain affidavits submitted by appellants in support of their objections and counter affidavits submitted by respondents. From the record itself, from the briefs, and from statements made on oral argument, we infer that the only evidence submitted to the court and considered by it consisted of these affidavits.

Respondents contend that appellant Loeb had no right to be heard in objection to the confirmation of the report because he did not appear and plead to the original complaint, and the interlocutory decree was entered against him by default. The interlocutory decree merely determines the

right to partition, and fixes the respective rights of the parties. (*Richardson v. Ruddy*, 15 Ida. 488, 98 Pac. 842.) On the hearing of a motion for confirmation of the report, entirely different questions are raised, to wit: whether the referees followed the orders of the court, and whether the partition is fair and equitable. (*Ibid.*) These latter questions cannot be raised by objection to the original complaint. Therefore it would be neither fair nor logical to hold that failure to plead to the complaint prevents an interested party from objecting to the confirmation of the report on the ground that the partition is unfair and inequitable. We conclude that, on this ground of objection, appellant Loeb had a right to be heard.

Respondents contend that appellant Moyses had no right to be heard in the lower court and has no right to be heard on appeal, that the co-owner, Loeb, was the only real party in interest and that the mortgagee Moyses had to content himself with a lien on whatever interest was partitioned to his mortgagor. The authorities are in conflict on this point. (30 Cyc. 209, notes 38 and 39.) Our statute provides that those holding mortgages of record shall be made parties. (C. S., secs. 6978, 6980.) Appellant Moyses was made a codefendant in this case. Summons was served upon him. We hold that this gave him a right to object and be heard so far as his rights and interests might be prejudicially affected. If that part of the property partitioned to his mortgagor was less than the mortgagor was fairly entitled to, and was not of sufficient value to fairly secure the mortgage debt, Moyses had a right to object and be heard on this ground. Under the circumstances of this case we conclude that he had such right.

It appears from the affidavits that respondent Armstrong, after a basis of partition had been agreed upon by the referees, approached two of them privately and attempted to get them to make a change. It also appears that Armstrong had the report prepared and that, while all three referees signed it, it does not represent the partition upon which two of them had agreed and which they supposed was embodied

in the report. At one time two of the referees made a statement to the court asking it to return the report to them. At another time they retracted this statement. With the exception of Mr. Wetherell, the referees displayed a lack of decisiveness and a failure to realize the nature and dignity of their position and its functions. The conduct of Armstrong was highly improper. He had a right to be heard by the referees sitting as a board. He had no right to approach them privately and individually and try to influence their judgment. The evidence being all in the form of affidavits, this court is in as good position to judge of its weight and credibility as the trial court. (*Jackson v. Cowan,* 33 Ida. 525, 196 Pac. 216; *Roby v. Roby,* 10 Ida. 139, 77 Pac. 213; *Stoneburner v. Stoneburner,* 11 Ida. 603, 83 Pac. 938; *Spofford v. Spofford,* 18 Ida. 115, 108 Pac. 1054; *Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8.) We conclude that appellants' objection on the ground that the partition embodied in the report and confirmed in the decree is unfair and inequitable is borne out by the weight of the evidence.

We do not find it necessary to pass upon other questions mentioned in the briefs and on the argument.

The decree of partition is reversed and the case remanded, with orders to refer it to three new referees who shall make and report a partition of the lands in question, to wit, the lands in which the estate of Charles B. Smith and appellant Loeb have each an undivided one-half interest. Costs awarded to appellants.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.