(No. 5829. March 21, 1932.)

EDWARD L. KEYES, Respondent, v. NINA R. KEYES, Appellant.

[9 Pac. (2d) 804.]

Walter H. Anderson, for Appellant.

Carl C. Christensen, for Respondent.

BUDGE, J.—On November 19, 1930, respondent was granted a divorce from appellant on the ground of extreme cruelty. Prior to the hearing of the divorce action a property settlement agreement, hereinafter particularly referred to, was entered into between the parties, approved by the court and made a part of the decree, which agreement provided that all of the community property should be transferred to appellant in full settlement of all future demands of appellant and a minor child of the parties for their maintenance and support. The custody of the minor child was awarded to appellant, except during certain periods. On May 29, 1931, appellant made a motion in the trial court, seeking a modification of the decree theretofore entered so as to require respondent to pay $40 per month for the support and maintenance of the minor child and for attor-

ney's fees for the prosecution of the motion, which motion was denied, except that the order gave appellant the option of surrendering the custody of said minor child to respondent, and provided that upon the exercise of such option respondent should support, maintain and educate said minor child. From said order this appeal is taken.

Thereafter a motion was made by appellant in the trial court for the allowance of attorney's fees and costs on appeal, which was granted. This motion and order of allowance are incorporated in the transcript. A motion has been made to strike all matters relating to the allowance of attorney's fees and costs on appeal. Since it appears that the attorney's fee has been paid, together with costs incident to the appeal, and these matters were not called for in the praecipe, and from which order no appeal has been taken, respondent's motion to strike is therefore granted.

The property settlement agreement between the parties provides:

" . . . . and the party of the second part, Mrs. Nina R. Keyes, hereby agrees that she will take, and accept said real estate in full, final, and complete settlement of any and all demands upon the party of the first part, for the future support and maintenance of herself and the minor child named herein, and that she accepts said property from the party of the first part, and agrees to use said property and the income therefrom for the support, maintenance and education of the minor child of the parties hereto, provided only that the husband, party of the first part shall, and hereby agrees to defray and pay all costs and expenses of the support and maintenance of said minor child during any and all times that said minor child may be in his possession as agreed to herein, and further that should the said minor child be in the possession of the party of the first part, and under his care and control, at any other time in addition to the times agreed upon herein, the said party of the first part will pay and defray all the expenses for his support, during any and all the time that he may have him in his custody and under his control. . . . .

"The above arrangement as to property given for the support of the party of the second part and for the support of the minor child, shall be in full discharge of all liability of every kind, on the part of Edward L. Keyes, towards the maintenance and support of both Nina R. Keyes, and Clement P. Keyes, and neither of said parties shall have the right hereafter, to pledge the credit of said husband for anything whatever. . . . . "

By the decree of divorce said property settlement agreement was found to be just and equitable by the court and the property was ordered transferred as therein provided, the decree reciting:

"It is further ordered, adjudged and decreed, . . . . that said property be and hereby is given to the defendant in full, final and complete settlement of any and all demands upon Edward L. Keyes for her support and maintenance and for the support and maintenance of the minor child of the parties named hereinafter, during such times as said minor child shall or may be in the custody of the defendant. . . . .

"It is further ordered, adjudged and decreed, that the defendant, Nina R. Keyes be and hereby is given the custody and control of the minor child of the parties, a boy, named Clement P. Keyes, age 12 years, during all of the time of each year that he may be attending school, and that the plaintiff, Edward L. Keyes, be and hereby is given the custody and control of said minor child during all the periods of each year that school is in vacation or recess, and that each of the said parties shall have the right to see and visit with and have access to said minor child at all reasonable times and places. That the plaintiff, Edward L. Keyes shall pay for the support and maintenance of said minor child at all times when he shall have said child in his custody and control and that the property given to the defendant, and the income therefrom, shall be used by her for the support, maintenance and education of said minor child during all of the times that she may have the custody of said child, and that said property shall be and hereby is

given to her in full settlement of any and all claims upon the plaintiff for the future support and maintenance of said minor child while in the custody of said defendant."

Thus, the parties, by their agreement, and the court by its decree, based thereon, attempted to release respondent from further liability for the support and maintenance of the minor child, except when he was in his custody, and the validity of that portion of such agreement and decree is thus presented for consideration. The general rule would seem to be that as between the husband and wife, an agreement touching the custody and maintenance of the children will be respected and enforced, yet such an agreement cannot, as against the children, divest either parent of the paramount duty imposed upon both by law to support and educate them. (*Brice v. Brice,* 50 Mont. 388, 147 Pac. 164.) As said in *Karlsylst v. Frazier,* 213 Cal. 377, 2 Pac. (2d) 362:

"It was beyond the power of the parties to deprive the court by their private contract of its right to make such suitable provision for the support of their minor child as her welfare required. *Lewis v. Lewis,* 174 Cal. 336, 163 Pac. 42; *Black v. Black,* 149 Cal. 224, 86 Pac. 505; *Parkhurst v. Parkhurst,* 118 Cal. 18, 50 Pac. 9; *Merritt v. Merritt,* 106 Cal. App. 238, 289 Pac. 240; *Fernandez v. Aburrea,* 42 Cal. App. 131, 183 Pac. 366. . . . . In view of the fact that the interests of the child are a factor of prime importance, the court is not bound by the contract of the parties or the prayer for relief."

To the same effect see: 9 Cal. Jur. 803, sec. 144; *D'Arcy v. D'Arcy,* 89 Cal. App. 86, 264 Pac. 497; *Wilson v. Wilson,* 45 Cal. 399; 46 C. J. 1260. The duty of a father to supply necessaries for a child's maintenance cannot be discharged by a separation agreement between husband and wife. (*Melson v. Melson,* 151 Md. 196, 134 Atl. 136.) It follows that that portion of the property settlement agreement and the decree relieving respondent from all further liability for the support and maintenance of the minor child is void as between said minor and its parents. From the foregoing authorities it seems conclusively established

that the liability of a father to support his minor child cannot be abridged or limited by agreement of the parties, and that notwithstanding the decree provides that upon the transfer of certain property to the wife the husband shall be relieved of all further liability for the maintenance and support of a minor child, the decree may thereafter, in a proper proceeding, be modified to require the father to support and maintain such minor child.

In her affidavit in support of her motion appellant avers that by the decree she was awarded certain real estate, a house situated thereon and furniture therein; that the real property is encumbered in the approximate amount of $1,600; that the value thereof does not exceed $3,100, for which amount she has unsuccessfully attempted to sell the same; that she has no other property or income; that by the decree she was awarded the custody of the minor son, whose age was thirteen years on June 8, 1931; that no allowance was made for his support and maintenance; that her only means for his support are from the earnings of an adult son, which amount to approximately $77.50 per month; that the real property yields no income whatever and is occupied by her and her children; that it is impossible for her to maintain, support and educate her minor son without aid from respondent; that respondent is a railroad locomotive engineer earning approximately $225 per month, and has steady employment and can work every day if he so elects; that respondent has remarried; that affiant is not in good health, has no training, qualifications or occupation and is unable to secure employment, while respondent is a strong, able-bodied man; that affiant is required to pay $25.23 per month upon the encumbrance upon said real property to cover instalments and taxes.

Respondent, in his affidavit in opposition to the motion, avers: that he was granted a divorce from appellant on grounds of extreme cruelty; that prior to the divorce the community property consisted of a six-room modern home with six city lots and considerable furniture, representing his life's savings and thirty years' efforts; that the property is reasonably worth $4,500 and can be rented for $50 per

month, by reason of its good location; that there is a water right for said property and the land surrounding said home, if properly cared for, can be made to produce all necessary garden vegetables for a large family; that the property settlement agreement between the parties was made principally to provide for the support and maintenance of the minor child; that after the decree was entered he conveyed the property by warranty deed to appellant, paid the 1930 taxes thereon and the instalments as provided in the decree; that appellant is in good health and is a dressmaker and recently completed a full course in dressmaking in Los Angeles, and is well able to earn sufficient to maintain herself and is able to use the property for the support of the minor child; that the property could be sold or rented and the price or rent received used for his support, as intended and stipulated by the parties; that appellant is not entitled to the custody of said minor for the next three months and will be under no expense during that period; that respondent is willing to have the custody of said minor during the remaining nine months of the year and is willing to support him whenever in his custody; that respondent, by reason of his age, is unable to earn $225 per month except by working every day in the month, which his health will not permit, as it is necessary for him occasionally to take a day off and rest up; that notwithstanding the transfer of all his property to appellant, he has kept up insurance on the life of said minor, and has paid his doctor bill and has paid for his clothing since said divorce was granted and has done the best he could for said child; that the motion is without merit and premature in the absence of a showing that the property set over to appellant has been exhausted and used up for the support of said child, and the motion being without merit respondent is not liable for attorney's fees.

Appellant filed a reply affidavit, averring that she never at any time completed a dressmaker's course; that she took a part of a course in dressmaking equal to approximately one-third of the complete course; that she has not been able to earn anything as a dressmaker for the reason that her

training was incomplete; that she did not finish the course for the reason that she has not had the money to go where she can do so.

In this case the matter was submitted to the court upon the foregoing affidavits, no testimony being taken. We may therefore apply the rule as stated in *McKenzie v. Miller*, 35 Ida. 354, 358, 206 Pac. 505, 506:

"The evidence being all in the form of affidavits, this court is in as good position to judge of its weight and credibility as the trial court. (*Jackson v. Cowan*, 33 Ida. 525, 196 Pac. 216; *Roby v. Roby*, 10 Ida. 139, 77 Pac. 213; *Stoneburner v. Stoneburner*, 11 Ida. 603, 83 Pac. 938; *Spofford v. Spofford*, 18 Ida. 115, 108 Pac. 1054; *Parsons v. Wrble*, 19 Ida. 619, 115 Pac. 8.)"

When the facts as disclosed by the affidavits of the parties are carefully analyzed it appears that appellant became the owner of all of the community property owned and accumulated by the parties during their marital relationship and at that time respondent had no separate property. In consideration of the conveyance to her of such property, payment of taxes, certain instalments upon the mortgage and attorney's fees appellant agreed to release respondent from any further demands upon her part for the support, maintenance and education of the minor child. There is a conflict as to the value of the property. Respondent avers that the property can be rented for $50 per month, which is not denied. It is conceded that it is encumbered by a mortgage of approximately $1,600 and that the mortgage and taxes are payable at the rate of $25.23 per month. Appellant avers that the property cannot be sold for $3,100 but makes no showing that it cannot be sold for a lesser amount. She seeks to repudiate the property settlement agreement and, from the authorities above cited, particularly *Lewis v. Lewis, supra,* she is in a position, acting on behalf of her minor child, to avoid the property settlement agreement in so far as it limits the statutory liability and natural duty imposed upon respondent for the support and maintenance of the minor child. The cases cited and relied upon by respondent

are not out of accord with the general rule announced but each was decided upon its particular facts and circumstances.

In cases of this character the welfare and interest of the minor child is the paramount consideration, and irrespective of any agreement between the parents of the minor. Neither parent is relieved by reason of said property settlement agreement or otherwise of the obligation to support, maintain and educate the minor child. The trial court was without authority by its decree to relieve either parent from such responsibilities, as announced in the authorities above cited. Neither can we uphold its action in refusing to make an allowance of a sum sufficient to support and maintain the minor and in imposing upon appellant the option of surrendering its custody to respondent as a condition for its support and maintenance.

Taking into consideration all of the facts and circumstances including the fact that appellant is in possession of all of the community property, the age of the minor and financial condition of the parties, it is our opinion that $25 per month will be sufficient for his support and maintenance while in the custody of appellant and the attorney's fee allowed on appeal to this court is considered sufficient allowance for all legal services rendered.

Nothing that has been said in the course of this opinion bars respondent from invoking such legal or equitable relief as he may have, if any, against the agreement which was made a part of the decree. That matter is not before us.

The order appealed from is reversed and the cause remanded, with instructions to the trial court to enter its order in accordance herewith. Costs awarded to appellant.

Lee, C. J., and Givens, Varian and Leeper, JJ., concur.