407 P.2d 304

**Claire B. ANDERSEN, Plaintiff-Appellant,**

v.

**Robert A. ANDERSEN, Defendant-Respondent.**

No. 9695.

Supreme Court of Idaho.

Oct. 28, 1965.

---

Reginald R. Reeves, Idaho Falls, for appellant.

Petersen, Moss & Olsen, Idaho Falls, for respondent.

Ford station wagon, a residence at Niantic, Connecticut, and the household furniture, furnishings and appliances; that defendant should be awarded a 1955 Chevrolet automobile and his clothing, sporting equipment and personal effects; that a residence in Idaho Falls, Idaho, should be awarded to the parties as joint tenants; that defendant should be required to pay all installments of incumbrances against both the residence in Connecticut and the residence in Idaho; that upon sale of the Idaho residence the proceeds should be divided equally between the parties; and that defendant should be required to maintain in effect a life, health and accident policy, for the benefit of the children.

TAYLOR, Justice.

This action was brought by plaintiff (appellant) against defendant (respondent) for divorce. December 23, 1963, defendant in his own behalf entered into a written agreement with the plaintiff and her attorney in which it was agreed that, should a divorce be granted, the custody of the children of the parties should be awarded to plaintiff and that defendant should be required to pay plaintiff for the support of the children $115 weekly, and alimony for the support of plaintiff $5 weekly; that the plaintiff should be awarded her clothing, jewelry and personal effects, a 1956

The cause was heard by consent of defendant and in his absence. Judgment was entered December 23, 1963, granting divorce to the plaintiff and decreeing custody of the children, support and alimony payments, and division of the property, in accord with the agreement. Subsequently, defendant became delinquent in payment of installments required for the support of plaintiff and the children. After he had paid thereon a total of more than $900, repeated executions were levied by plaintiff upon defendant's wages, resulting in the collection by that means of $519.37, during the two months between May 15th and July 15th, 1964.

August 7, 1964, defendant filed with the court a petition, in which he alleged the garnishment of his wages during the period mentioned as often as once each week and at times twice weekly; that he contacted plaintiff by telephone (she being in Connecticut) in an effort to reach an agreement concerning support payments due, which would enable him to get "caught up and still save my job"; that he was advised that he could not obtain relief from the court until he had paid all back installments due; that after such advice he again talked to plaintiff by telephone, at which time she agreed to accept $600 and a "complete set of carpenter's tools and handyman's tools, including a specially constructed work bench, etc." (then being in Connecticut); that he advised plaintiff that he "was in bankruptcy and could only get the $600 from the bank if his job were secure, inasmuch as he must repay the loan at $65 per month"; that it was agreed defendant would forward the $600 by Western Union; that she would accept the money and tools in full settlement of past due support and alimony and send plaintiff a statement to that effect; that the money was forwarded and that a receipt and agreement was signed by plaintiff, witnessed by her sister, and returned to defendant. The prayer of the petition was as follows:

"1. That the Court decree that the back support and alimony for plaintiff and the children pursuant to the Decree of December 23, 1963, be declared as paid in full to August 1, 1964.

"2. That Mrs. Andersen and her attorney be enjoined from levying executions on said back support.

"3. For such other and further relief as the court deems proper."

The cause was submitted to the court upon defendant's petition and two affidavits executed by plaintiff. In her first affidavit plaintiff averred that the defendant was regularly employed and earned sufficient to enable him to pay her reasonable costs and attorney's fees, and requested the court to require defendant to advance not less than $300 travel expense to enable her to be personally present to defend against the petition. In her second affidavit plaintiff averred that on July 26, 1964, she wrote, signed and handed to a Western Union clerk at Baltic, Connecticut, a statement as follows:

"I, Claire B. Andersen, do acknowledge that I have received the amount of $600.00 (six hundred dollars) plus the tools belonging to Robert A. Andersen, Sr. Have accepted this in full settlement of all back support owed me and my children from Robert A. Andersen, Sr. This was due on August 1, 1964, under the divorce decree that was dated December 23, 1963, and rendered by the district judge in Clark

County, Idaho. We will accept the amount of $80.00 (eighty dollars) per week for a period of six months when then the support money will be $100.00 (one hundred dollars) per week until further notice from myself, Claire B. Andersen, or until other suitable arrangements will be made satisfactory to suit both parties. There will be no further wage attachments if Robert A. Andersen, Sr. fully intends to abide by these rules."

In this second affidavit she also averred that she prepared and executed the statement without the advice of counsel and under duress; that the duress arose out of repeated telephone calls from defendant which "caused affiant great nervous distress, finally wearing her down"; that the $600 was sent to her by Western Union with the restriction that it could not be delivered until she signed and delivered the statement above set out; that she was in dire need of funds to provide the bare necessities of life for herself and children, and complied with the terms of the restriction as the only way of immediately obtaining funds; and that she repudiated the agreement contained in the receipt and statement and prayed that she be relieved therefrom.

Hearing on the petition was had on the 10th of August, 1964. By its order, dated August 21, 1964, the court modified the decree in agreement with the terms of the receipt and statement given by plaintiff. The order declared all support and alimony payments accrued under the terms of the decree to August 1, 1964, had been paid in full, and provided for payment by the defendant to plaintiff of $80 per week for six months from and after August 1, 1964, and $100 per week from and after February 1, 1965, "for support of plaintiff and the children of the parties." The order also enjoined plaintiff and her attorney from causing executions to be issued and levied upon wages or property of the defendant for any support or alimony obligations accruing under the original decree prior to August 1, 1964.

Plaintiff appealed from the order of August 21, 1964, modifying the decree.

■ No appeal was taken from the subsequent order denying her motion for costs and attorney's fees on appeal. That order is not before us for review. Lawson v. Lawson, 87 Idaho 444, 394 P.2d 1008 (1964); Nichols v. Nichols, 84 Idaho 379, 372 P.2d 758 (1962).

■ Plaintiff assigned as error the failure of the court to find that the receipt and agreement was executed by her under duress. Considering payments voluntarily made by defendant and collections made by way of execution, and the property awarded to her by the decree, it does not appear

that plaintiff was in such dire circumstances that her act in executing the agreement was the result of compulsion.

■ Plaintiff challenged the validity of the receipt and agreement, contending that the parties could not waive accrued support and alimony payments. We are aware that some courts take that view in regard to payments decreed for child support. Annotation, 57 A.L.R.2d 1152. However, this court has aligned itself with the majority view that, as between the parties, a former wife may, for sufficient consideration, release the former husband from the obligation to make support payments previously decreed. In Keyes v. Keyes, 51 Idaho 670, 674, 9 P.2d 804, 805 (1932), this court said:

"*  *  *  as between the husband and wife an agreement touching the custody and maintenance of the children will be respected and enforced, yet such an agreement cannot, as against the children, divest either parent of the paramount duty imposed upon both by law to support and educate them."

See also, Hendricks v. Hendricks, 69 Idaho 341, 206 P.2d 523, 9 A.L.R.2d 617 (1949), and Beard v. Beard, 53 Idaho 440, 24 P.2d 47 (1933).

The annotator, in 57 A.L.R.2d at page 1143, expressed the majority view as follows:

"There is ample authority in support of the proposition that an agreement between divorced spouses by which the former husband, for a valid consideration, is released from his obligations to pay child support to his former wife as previously decreed in the divorce suit, is valid as between the former spouses, and precludes her from enforcing the child support provisions of the decree."

and in a footnote:

"1. All the authorities agree that a divorced wife cannot relieve her former husband from his legal duty to support a minor child of the spouses."

■ The record does not reveal the value of the tools given to plaintiff with the lump sum payment of $600. In addition to the description of the tools given by defendant in his petition, as above quoted, the plaintiff in one of her affidavits stated that they consisted of a power saw, jig saw and two small screwdrivers. In the absence of better evidence of value, we must hold that the consideration was sufficient to support the release under the circumstances involved. With the payments she received from defendant, and any additional funds she may have provided from other sources, plaintiff supported the children. The past due obligation of defendant became an obligation to plaintiff to recompense her for the support of the children,

otherwise provided by her. This obligation was hers to release for a consideration satisfactory to her. Likewise, defendant's obligation for alimony payments to plaintiff could be released by her for such consideration as she chose to accept.

In regard to the agreement to reduce future support payments, plaintiff was likewise competent to bind herself, and her agreement was sufficient to support the order of the court modifying the decree as to such payments. However, she could not permanently nor conclusively release the defendant from the duty which the law imposes upon him as a father to provide future needed support. This duty of the father was expressed by this court in Keyes v. Keyes, supra, as follows:

"* * * * the liability of a father to support his minor child cannot be abridged or limited by agreement of the parties, and that notwithstanding the decree provides that upon the transfer of certain property to the wife the husband shall be relieved of all further liability for the maintenance and support of a minor child, the decree may thereafter, in a proper proceeding, be modified to require the father to support and maintain such minor child." ·51 Idaho at 675, 9 P.2d at 805.

Should a change of conditions in the future necessitate such action, plaintiff can again invoke the jurisdiction of the court to re-quire defendant to respond to his duty to support the children. Neither the decree, nor the order, is a final adjudication of future child support. I.C. § 32–705; Fisher v. Fisher, 84 Idaho 303, 371 P.2d 847 (1962); Application of Martin, 76 Idaho 179, 279 P.2d 873, 53 A.L.R.2d 582 (1955), and cases there cited.

Plaintiff further asserted that the modification as to future support payments was not justified because no specific prayer therefor was contained in defendant's petition. It is evident from plaintiff's affidavit concerning telephone calls from defendant and the resultant agreement which she signed, that she was aware that defendant was seeking a reduction in the amount of the weekly payments. Under such circumstances the third paragraph of the prayer of the petition, hereinabove quoted, was sufficient.

Plaintiff contends that defendant could not be heard to claim a reduction in future alimony and support payments while he was delinquent in payments required by the decree. In response we refer to the rule adopted in this jurisdiction that in the absence of an adjudication of contempt in respect thereto, the former husband may be heard upon his petition for relief from the requirements of the decree with respect to support payments, based upon changed conditions or other sufficient ground. Em-

bree v. Embree, 85 Idaho 443, 380 P.2d 216 (1963).

Plaintiff assigned as error the failure of the court to require defendant to advance attorney's fees and travel expense incident to the hearing of the petition, and the failure to delay the proceedings until such expenses were paid. No motion was made for an allowance to plaintiff for travel expense. The request for such expense was contained in her first affidavit. The record shows no action thereon by the court. Defendant's petition was submitted without oral testimony. The relief granted was limited to that to which she had agreed in her written receipt. Thus, it does not appear that she was prejudiced by the failure of the court to require defendant to advance travel expense. There was no occasion for the court further to delay the hearing on defendant's petition, since, as recited by the court, the issue came on for hearing pursuant to stipulation of the parties. While she avers in her affidavit only that she was without funds to pay her attorney, and that defendant was able to pay such fees, plaintiff made no motion for an allowance of fees for her attorney to represent her upon the hearing of the petition.

The order is affirmed.

No costs allowed.

McQUADE, C. J., and McFADDEN, SMITH and KNUDSON, JJ., concur.