**Margaret SCHUH, Appellant,**

**v.**

**Joseph SCHUH, Appellee.**

**No. 17425.**

Court of Civil Appeals of Texas, Dallas.

March 27, 1970.

Edward S. Koppman, Rosenfield, Berwald & Mittenthal, Dallas, for appellant.

Thomas C. Unis, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

BATEMAN, Justice.

This case involves only the construction of a release. The appellant Margaret Schuh sued to recover an amount alleged to be due her under a property settlement agreement between her and the appellee Joseph Schuh, dated September 12, 1960, executed by the parties in connection with a divorce suit pending between them. Appellee defended on the ground that he had subsequently been released. Appellant now seeks reversal of the summary take-nothing judgment.

The facts are undisputed. The property settlement agreement obligated appellee to pay appellant $200 per month until the happening of whichever of the following events shall first occur: (a) the death of appellee; (b) the remarriage of appellant; (c) the death of appellant. In May 1968 appellant sued appellee alleging his delinquency in making such payments, and in connection with the compromise settlement of that suit the release in question was given, releasing appellee from all liability under the property settlement agreement. It recited two items of consideration: (1) payment by appellee to appellant of $6,000 in cash, and (2) "the further consideration of JOSEPH SCHUH'S continuation in effect so long as he lives without change of MARGARET SCHUH as beneficiary, a $5,000.00 policy of life insurance issued upon himself and numbered 3060 by the Academy Life Insurance Company of Colorado Springs, Colorado." The release further provided:

"It is agreed that JOSEPH SCHUH will execute any and all instruments necessary to effect this Release Agreement as required by the Academy Life Insurance Company, * * * and in the event JOSEPH SCHUH should fail either to continue said insurance policy in effect or to retain MARGARET SCHUH as the beneficiary thereof, this Release Agreement will be of no force and effect; * * *."

Fearing that appellee might change the beneficiary, despite his agreement not to do so, appellant's attorney sent him for signature a printed form addressed to the insurance company designating appellant as the "irrevocable beneficiary." Upon appellee's refusal to sign this form appellant filed this suit alleging that appellee had breached the compromise settlement agreement, thus destroying efficacy of the release, giving him credit for the $6,000 paid, and demanding judgment for all payments in arrears under the original property settlement agreement of September 12, 1960.

By her first point of error appellant contends that she is not bound by the release because appellee breached and repudiated it by failing and refusing to sign the designation of her as the "irrevocable beneficiary," which she asserts is an express condition contained in the release.

We see no merit in this point. Appellee at no time agreed to designate appellant as the "irrevocable beneficiary"; he merely agreed to maintain the policy in effect and not change the beneficiary. He showed by his own and a corroborating affidavit that the policy had been maintained in full force and the beneficiary not changed. Therefore, we hold that appellee was not shown to have breached any condition of the release, but was entitled to rely thereon in defense of appellant's suit, and we overrule the first point of error.

In her second point of error appellant asserts that the release is unenforceable "for want of sufficient consideration," contending that the $6,000, which was recited as part of the consideration for the release, was in fact less than the amount actually due under the original property settlement agreement, and was therefore no consideration at all. The prior lawsuit, out of which the release arose, was contested. The settlement of a contested lawsuit is in itself sufficient consideration to support a compromise settlement agreement. Missouri, K. & T. Ry. Co. of Texas v. Edwards, 176 S.W. 60 (Tex.Civ.App., Texarkana

1915, writ ref'd) ; 13 Tex.Jur.2d, Contracts, § 56, p. 194.

 Even if this were not true, the point must be overruled because, as shown above, there were two elements of the consideration for the release; and if the payment of $6,000 was not in itself a valid consideration, appellee's agreement to maintain the $5,000 life insurance policy in effect and not change the beneficiary thereof in itself furnished adequate consideration for the release. The second point of error is overruled.

The summary judgment appealed from was correct and is affirmed.