Joel E. LAIRD, Appellant,

v.

Sheila Dianne Laird SWOR, Appellee.

No. 09–87–079–CV.

Court of Appeals of Texas, Beaumont.

Sept. 10, 1987.

George P. Kirkpatrick, Jr., Kountze, for appellant.

Lee Roger Ratliff, Silsbee, for appellee.

## OPINION

DIES, Chief Justice.

On June 8, 1970, the court below granted Appellee, as plaintiff (wife), a divorce from Appellant. Provisions for support of the two children (twins—a boy and a girl) were made. The children were born October 26, 1968. On March 12, 1984, the court ordered an increase in the child support to $300.00 per month payable in installments of $150.00 on the 1st and 15th of each month.[1]

On March 10, 1987, the court, after hearing Appellee's motion for contempt, issued an order which (1) found that Appellant was $1,800.00 in arrears in child support, (2) ordered Appellant to pay Appellee $300.00 per month in installments of $150.00 each on the 1st and 15th of each month for child support until June 1, 1987, (3) ordered that Appellant pay Appellee's attorney $300.00 for his services connected with the motion in contempt, and (4) ordered Appellant to pay $78,00 in court costs to the District Clerk. It is from this order that Appellee's former husband has perfected an appeal to this court.

Appellant's first two points of error are grouped together in his brief and will be so dealt with here. They are:

(1) "The Trial Court erred in ruling that [Appellant] was obligated to pay child support of three hundred dollars per month until June 1, 1987, provided that [the two minor children] are attending school."

(2) "The Trial Court erred in ruling that [Appellee] was entitled to judgment for $1800.00 past due child support."

The minor daughter married during January, 1986, prior to the hearing on the merits, and was subsequently divorced on May 13, 1986. Both of these events occurred while the daughter was under eighteen years of age. After the divorce and at the time of the hearing on Appellee's motion for contempt (March 10, 1987), she was living with her mother, Appellee, and attending school. The boy moved from his mother's (Appellee's) home in September, 1986, to live with an aged relative and was paid $50.00 per week for staying with the relative. He was eighteen years of age at the time and continued to attend school.

■ In its Findings of Fact and Conclusions of Law, the trial court, inter alia, determined that Appellant failed to make payment of the child support for the months of September 1986, October 1986, November 1986, December 1986, January 1987, and February 1987. Appellant contends that his daughter became emancipated during the month of January, 1986, upon her marriage, and that his support obligation thus terminated.

In *Ex parte Williams*, 420 S.W.2d 135, 137 (Tex.1967), Justice Pope, in writing for a unanimous court, concluded:

"The order was also void in ordering relator to pay support for his married daughter. The daughter married on October 4, 1966 at the age of sixteen. On January 3, 1967, the trial court ordered relator to continue his support of his married daughter until she became twenty-one. Relator's legal obligation to support his daughter ceased upon her marriage. She was then no longer a minor child. Article 4625, Vernon's Ann.Civ.St. [now *TEX.FAM.CODE ANN. sec. 4.03* (Vernon 1975)] provides that every female under the age of twenty-one who is lawfully married is deemed to be of full age." (citations omitted)

*TEX.FAM.CODE ANN. sec. 14.05(d)* (Vernon 1986) provides:

"Unless otherwise agreed to in writing or expressly provided in the decree, provisions for the support of a child are terminated by the marriage of the child...."

*See Fernandez v. Fernandez*, 717 S.W.2d 781 (Tex.App.—El Paso 1986, writ dism'd).

Appellee argues that the amendment to Section 4.02 of the Family Code, effective September 1, 1985, modifies these authori-

---

1. We do not have this order but Appellee's motion in contempt filed January 16, 1987, refers to it, and the modification is admitted in the briefs of both Appellant and Appellee.

ties when, as here, the decree orders support beyond the eighteenth birthday:

"... and thereafter so long as the child is fully enrolled in an accredited primary or secondary school in a program leading toward a high school diploma, until the end of the school year in which the child graduates."

*TEX.FAM.CODE ANN. sec. 4.02* (Vernon Supp.1987).

However, that part of *TEX.FAM.CODE ANN. sec. 14.05(d)* which we set out above requires an exemption from the case and statutory authority emancipating a child on marriage to be "expressly provided", and such is not the case here. The fact that the minor daughter later divorced and returned to her mother would not, we think, cancel her emancipation. While the court in *Fernandez v. Fernandez, supra,* held to the contrary when the minor's marriage was terminated by an annulment, as *Fernandez* explains, an annulment means the marriage is void ab initio.

■ Regarding the male minor twin, we have been cited no authority, nor have we found any independently, emancipating a child when he or she ceases to live with the managing conservator; and, we decline to so hold. Point of error number one is sustained; point of error number two is overruled.

■ Appellant's points of error numbers three and four complain of the awarding of attorney's fees and costs to Appellee's attorney. Appellant cites *Ex parte Myrick,* 474 S.W.2d 767 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ), holding the award of attorney's fees was not proper for the prosecution of a husband pursuant to a divorce decree where it was determined that the conduct with which the husband was charged would not support a finding of contempt. We doubt that this case is authority for Appellant's contention, for failure to pay child support in Texas is enforceable by contempt; nevertheless, our record does not clearly reflect the trial court's decision concerning this. Its order following Appellee's motion for contempt contained this paragraph:

"The Court finds that the attorney's fees and costs assessed against Respondent hereinabove are incidental to and a part of the payments necessary for child support in these proceedings. IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED that the failure of Respondent to pay any portion thereof as Ordered herein may be punished by contempt as provided by law."

Whereas, the court's Finding of Fact No. 4 states:

"That Candy Jean Laird's marriage and subsequent divorce and Randy Ray Laird's moving out of the residence of [Appellee] created a novel fact situation by which [Appellant's] failure to pay the $300.00 per month child support as agreed caused confusion in his mind. Therefore, his failure to pay ... was not a contempuous [sic] act on his part."

For this reason, we deem it wiser to remand this case to the trial court with instructions to enter judgment in accordance with this opinion rather than attempt to enter judgment ourselves.

Appellant has one other point which has been answered in this opinion. This case is reversed and remanded.

Reversed and Remanded.