**Houson D. WILLIAMS, Appellant,**

**v.**

**Sherry Yvonne PATTON, Appellee.**

**No. 01–89–00026–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 16, 1990.

Rehearing Denied Sept. 6, 1990.

Gary L. McConnell, Angleton, for appellant.

Lenette LeCompte–Terry, Angleton, for appellee.

Before SAM BASS, DUNN and MIRABAL, JJ.

## OPINION

SAM BASS, Justice.

This appeal concerns the validity of a settlement and release agreement for past and future child support and an order denying appellant's motion to modify support, based on materially and substantially changed circumstances.

We affirm.

Houson D. Williams, appellant, and Sherry Yvonne Patton, appellee, were divorced on December 2, 1974. Appellee was named managing conservator of Amy Diane Williams. Appellant was ordered to pay child support of $121 per month. Appellant did not pay child support from 1977 through 1985.

On October 15, 1985, appellee filed a motion for contempt on child support, and a motion to increase child support. Appellant's arrearage was $9,885.

On May 6, 1986, the parties entered into a settlement and release agreement whereby appellant agreed to pay $2,850 for past due payments, agreed to increase the amount of child support to $325 per month for a period of 18 months and, thereafter, in the sum of $350 per month, until the child reached the age of 18 years or was emancipated. In return, appellee was to

dismiss her contempt action against appellant. Appellant contends this agreement was approved by the trial court on May 13, 1986. On May 13, 1986, the trial court entered an order entitled "agreed order modifying prior order," signed by Williams' and Patton's respective attorneys, agreeing as to "form only," and an order to dismiss the contempt action. The modifying order increased the monthly child support payments; however, it did not reference the settlement agreement or acknowledge its existence in any manner. No one has challenged the court's entry of an "automatic increase" in child support payments, and, thus, this Court will not consider whether that portion of the trial court's order is valid. The settlement agreement is found as an exhibit in the statement of facts.

The child moved into appellant's home in November 1987, and appellant discontinued making child support payments the following month. On June 10, 1988, the child left appellant's residence and moved in with her boyfriend. In August 1988, appellee filed contempt proceedings against appellant. Appellant filed a motion to modify his support obligation and an original petition for breach of the settlement and release agreement. The appellee filed a cross-action on the breach of the settlement agreement.

After hearing all pending motions and arguments, the court found that the settlement and release agreement executed by the parties is void because: (1) it is against public policy; (2) the parties cannot reduce the amount of child support arrearage; (3) there was no court approval of the agreement; and (4) there was no consideration for the agreement. The court denied appellant's motion to modify and entered a take-nothing judgment on both appellant's and appellee's breach of contract actions.

In his first two points of error, appellant challenges the trial court's conclusion that the settlement and release agreement is void and unenforceable.

The settlement and release agreement entered into between the parties states in relevant part:

[I]n consideration of the payment of the sum of $2,850.00 by HOUSON D. WILLIAMS, JR. to SHERRY YVONNE (WILLIAMS) BAILES, payable in full upon the execution of this agreement, and for the further consideration of the agreement of HOUSON D. WILLIAMS, JR. to an Agreed Order Modifying Prior Order whereby the Decree of Divorce of December 2, 1974, shall be modified in certain respects, including increasing the support payment by HOUSON D. WILLIAMS, JR. for the use, benefit and support of AMY DIANE WILLIAMS to the amount of $325.00 per month for eighteen (18) months ... and thereafter in the amount of $350.00 per month until the said child reaches the age of eighteen (18) years ... SHERRY YVONNE (WILLIAMS) BAILES does hereby RELEASE AND DISCHARGE HOUSON D. WILLIAMS, JR. ... of and from any and all claims, demands, damages, actions, causes of action ... arising from the obligation of HOUSON D. WILLIAMS, JR. for the payment of child support ... for the period from and after December 2, 1974 to March 31, 1986.

Parents of minor children in Texas do not have the right or the power to agree to a modification of a court decree for future child support without court approval. *In re McLemore,* 515 S.W.2d 356, 357 (Tex.Civ.App.—Dallas 1974, no writ); *see also McIntyre v. McFarland,* 529 S.W.2d 857, 859 (Tex.Civ.App.—Tyler 1975, no writ).

Appellant does not challenge the rule of law that divorced parents may not modify the *future* support obligation of the non-custodial spouse without court approval. However, appellant asserts that Texas should follow the "majority" of other states that uphold settlement and release agreements between former spouses for *accrued* child support. *See, e.g., Andersen v. Andersen,* 89 Idaho 551, 407 P.2d 304, 307 (1965); *Brannock v. Brannock,* 104 N.M. 416, 722 P.2d 667, 670 (N.M.Ct.App. 1985), *aff'd,* 104 N.M. 385, 722 P.2d 636 (N.M.1986); *Miller v. Miller,* 29 Or.App. 723, 565 P.2d 382, 385 (Oregon Ct.App. 1977); *Hartman v. Smith,* 100 Wash.2d 766, 674 P.2d 176, 178 (1984). The out-of-

state cases cited by appellant treat delinquent support payments as a debt owed to the managing conservator because she has already used her own funds to pay for the support of the children, and provide that a former wife may, for sufficient consideration, release the former husband from the obligation to make support payments previously owing.

We note that the Supreme Court of Texas has stated that it does not agree with the characterization of unpaid child support as a debt prior to its reduction to judgment. *Adair v. Martin*, 595 S.W.2d 513, 515 (Tex. 1980).[1] It has not determined whether or not, on reduction to final judgment under Tex.Fam.Code Ann. § 14.41(a) (Vernon Supp.1990), the arrearages may then be classified as a debt, even though the judgment may be enforced in any manner provided by law.

Section 14.41(a) of the Texas Family Code provides that periodic child support payments not timely made constitute a "final judgment."[2] However, the court, on motion under this section, was required to confirm this "final judgment" as to the amount of arrearage, and in doing so, had to consider offsets as provided by Tex.Fam. Code Ann. § 14.41(c) (Vernon 1986), but could not reduce or modify the amount of the child support arrearage in its confirmation of this "final judgment." Tex.Fam. Code Ann. § 14.41(d) (Vernon 1986).[3] Further, former Tex.Fam.Code Ann. § 14.41(b),[4] applicable at the time of the hearing, provided that the court retained jurisdiction to "enter judgment" for past-due child support payments, if a motion to render judgment was filed within two years:[5] (1) after the child becomes an adult; or (2) the date the child support obligation terminates.

**1.** In *Adair*, 595 S.W.2d at 514–15, the court interpreted former Tex.Fam.Code Ann. § 14.09(c) [ch. 543, § 1, 1973 Tex.Gen.Laws 1411, 1426, *repealed by*, ch. 232, § 14, 1985 Tex.Gen.Laws 1158, 1170], which provided:

> On the motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgments for debts.

**2.** Section 14.41(a) reads as follows:

> (a) Judgment for Arrearages. A periodic child support payment not timely made shall constitute a final judgment for the amount due and owing. On the motion of an obligee or obligor, after notice and hearing, the court shall confirm the amount of child support in arrears and shall render judgment against an obligor for any amount of child support unpaid and owing. The judgment rendered by the court may be subject to a counterclaim or offset as provided by Subsection (c) of this section. The judgment may be enforced by any means available for the enforcement of judgments for debts.

**3.** Sections 14.41(c) and (d) read as follows:

> (c) Possession of Child by Obligor. If the managing conservator has voluntarily relinquished to the obligor the actual care, control, and possession of a child for a time period in excess of the court-ordered periods of possession of and access to the child, the child support order continues unabated until further order of the court as provided by Section 14.08 of this code. However, an obligor who has provided actual support to the child during such time periods may seek reimbursement for that support as a counterclaim or offset against the claim of the managing conservator. An action against the managing conservator for support supplied to a child shall be limited to the amount of periodic payments previously ordered by the court.
>
> (d) Retroactive Modification. The court may not reduce or modify the amount of child support arrearages in rendering judgment under this section.

**4.** Ch. 10, § 6, 2nd Called Sess., 1986 Tex.Gen. Laws 15, 17, *amended by*, ch. 25, § 28, 1st Called Sess., 1989 Tex.Gen.Laws 74, 86. Former section 14.41(b), applicable to this suit, read as follows before the 1989 amendment:

> (b) Time limitations. The court may not confirm the amount of child support in arrears and may not enter a judgment for unpaid child support payments that were due and owing more than 10 years before the filing of the motion to render judgment under this section. The court retains jurisdiction to enter judgment for past-due child support obligations if a motion to render judgment for the arrearages is filed within two years after:
> (1) the child becomes an adult; or
> (2) the date on which the child support obligation terminates pursuant to the decree or order or by operation of law.

**5.** The current version of § 14.41(b), provides for a period of four years.

■ It is evident that the legislature contemplated the continued supervision of the court over arrearages even though they constituted a "final judgment." Therefore, we hold that under Tex.Fam.Code Ann. § 14.41(a), the child support arrearages remain under the supervision of the court and may not be modified by the parties until the court either (1) reduces the unpaid child support to written judgment, or (2) loses jurisdiction after the child reaches majority or two years after the date on which the child support obligation terminated pursuant to the decree or order or by operation of law. Former Tex.Fam.Code Ann. § 14.41(b). After these occurrences, the parties could enter into a contract with regard to the payment of the judgment for arrearages without the necessity of court approval.

■ In this case, the contract was entered into before the trial court reduced the unpaid child support to written judgment against appellant for the amount due and owing under § 14.41(a). Because the child support arrearage still remained under the supervision of the court, the agreement, which attempts to modify the amount of arrearages, is void and unenforceable.

Points of error one and two are overruled.

In points of error three and four, appellant contends the trial court abused its discretion in denying appellant's motion to modify because the uncontroverted evidence established as a matter of law that the minor child's circumstances had materially and substantially changed. Appellant also argues that the trial court's implied finding that no material and substantial change in the minor child's circumstances had occurred was so contrary to the overwhelming weight and preponderance of the credible evidence as to be manifestly unjust.

■ A trial court is accorded broad discretion in determining whether a movant has met his burden of establishing a material and substantial change in circumstances to warrant modification, and the trial court's order granting or denying the requested modification will be reversed only on a showing of abuse of discretion. *Williams v. Williams,* 596 S.W.2d 245, 247 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). An abuse of discretion occurs when the trial court acts without reference to any guiding principles of law. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

On September 20, 1988, appellant filed a motion to modify the parent-child relationship, seeking to modify the order dated May 13, 1986. Appellant pled that child support payments previously ordered be "reduced and ceased altogether because the child has ceased to reside with Respondent and is in fact emancipated." The trial court made no findings of fact in support of its conclusion of law that the "Respondent's Motion to Modify should be denied."

■ The question of whether a child is "emancipated," and thus not entitled to child support, by voluntarily leaving the home and custody of her parents to live with an unrelated person, has not been established by Texas case law. Appellee relies on *Laird v. Swor,* 737 S.W.2d 601, 603 (Tex.App.—Beaumont 1987, no writ) where the court refused to consider an 18-year-old child "emancipated" after he moved from his mother's home to live with and care for an aged relative. The instant case is readily distinguishable. Our facts do not fit clearly within case law that *does* consider a minor child emancipated once the child marries. *See id.* at 602. There has been a substantial change of circumstances in the parent-child relationship since the date of the agreed order of May 13, 1986. Where the ex-wife/managing conservator is no longer furnishing the degree of service to the minor child that she did at the time of the order on child support, this is itself a material and substantial change in circumstances requiring a reallocation of support obligations. *Labowitz v. Labowitz,* 542 S.W.2d 922, 925 (Tex.Civ.App.—Dallas 1976, no writ). The question remains, however, whether it was an abuse of discretion for the trial court to deny appellant's motion to modify support

obligations on this basis. Judge O. Bass denied appellant's motion on December 9, 1988, five months before the minor child turned 18 and was officially emancipated. A minor child needs financial assistance, and it is not an abuse of discretion for a trial court to force the former husband to assume his responsibility for his daughter's support for an additional five months, whether she be living with her boyfriend, mother, or father.

Points of error three and four are overruled.

The judgment is affirmed.

MIRABAL, J., dissents.

MIRABAL, Justice, dissenting.

I respectfully dissent.

In the December 2, 1974 divorce decree, appellant was ordered to pay $121.00 per month in child support. By October 1985, appellant had built up an arrearage of $9,885.00, and appellee moved for contempt. The May 6, 1986 "Settlement and Release" agreement between the parties recites in part:

WHEREAS, the parties understand and agree that the claims asserted between them are doubtful and disputed and have settled such disputes by compromise to avoid litigation and to buy peace;

NOW, THEREFORE, in consideration of the payment of the sum of $2,850.00 by HOUSON D. WILLIAMS, JR. to SHERRY YVONNE (WILLIAMS) BAILES, payable in full upon the execution of this agreement, and for the further consideration of the agreement of HOUSON D. WILLIAMS, JR. to an Agreed Order Modifying Prior Order whereby the Decree of Divorce of December 2, 1974 shall be modified in certain respects, including increasing the support payment by HOUSON D. WILLIAMS, JR. for the use, benefit and support of AMY DIANE WILLIAMS to the amount of $325.00 per month for eighteen (18) months from and after the 1st day of April, 1986 and thereafter in the amount of $350.00 per month until

the said child reaches the age of eighteen (18) years or is otherwise emancipated, SHERRY YVONNE (WILLIAMS) BAILES does hereby RELEASE AND DISCHARGE HOUSON D. WILLIAMS, JR., his heirs, successors, assigns, administrators, and legal representatives of and from any and all claims, demands, damages, actions, causes of action, or suits in equity or any liability of whatsoever kind or nature *arising from the obligation of HOUSON D. WILLIAMS, JR. for the payment of child support for the use, benefit and support of AMY DIANE WILLIAMS, a minor child for the period from and after December 2, 1974 to March 31, 1986.*

SHERRY YVONNE (WILLIAMS) BAILES simultaneously by these presents does hereby authorize and direct her attorney to execute and deliver for entry such instruments as may be necessary to obtain dismissal of the Motion for Contempt for failure to pay child support above mentioned, *with prejudice to her ever refiling the same for any claim for child support for the period between December 2, 1974 and March 31, 1986,* and taxing the costs of the filing of said Motion against the said SHERRY YVONNE (WILLIAMS) BAILES.

(Emphasis added.)

The trial court entered an "Agreed Order Modifying Prior Order," and dismissed the contempt action, in accordance with the parties' agreement.

Effectively, the parties agreed to a pay-out of the accrued arrearage over a period of 36 months; the sum total of the payments agreed on approximates the total of the amount of the arrearage added to the normal $121.00 per month child support payments.

It is uncontested that appellant made the agreed-on payments until November 1987; accordingly, taking into account the $2,850.00 paid by appellant at the time the settlement agreement was signed, he paid a total of $6,630.00 on the arrearage through October 1987.

**532**

In August 1988, appellee filed a Motion for Contempt alleging not only that appellant had failed to make $350 per month payments since November 1987, *but also* that appellant had failed to make child support payments in the amount of $121 per month for 92 months *between December 16, 1974 and January 16, 1985*, totalling $9,185.00.

The trial court's judgment, and our affirmance, allows appellee to "have her cake and eat it too." The majority holds that, since the "Settlement and Release" agreement was void, appellee can have the May 1986 "Agreed Order Modifying Prior Order" enforced as though there was no agreed pay-out of the prior arrearage. According to our ruling, appellee was entitled to collect $325 per month from April 1, 1986 through September 1, 1987, $350 per month from and after October 1, 1987, *plus* $121 per month for the period *prior to April 1986*.

The trial court filed findings of fact and conclusions of law, which recited in part:

### FINDINGS OF FACT

9. In October, 1985, Petitioner filed a Motion for Contempt for Failure to Pay Child Support and a Motion to Modify to increase child support.

10. Child support arrearage in October, 1985, totaled $9,885.00.

11. Petitioner and Respondent entered into a settlement and release agreement on May 6, 1986.

. . . .

13. The settlement and release agreement was approved by the parties, but was not approved by the Court.

14. Petitioner dismissed her contempt action on May 13, 1986.

15. An Agreed Order Modifying Prior Order was entered May 13, 1986.

16. Respondent paid the child support ordered in the Agreed Order Modifying Prior Order until November of 1987 when the child began residing in his residence.

. . . .

### CONCLUSIONS OF LAW

. . . .

2. The settlement and release agreement executed by the parties is void for one or more of the following reasons:

 a. It is against public policy;

 b. The parties cannot reduce the amount of child support arrearage;

 c. There was no court approval of the agreement;

 d. Failure of consideration in that Respondent promised to pay what he already owed.

. . . .

6. After having due regard to the rights of each party, and considering the issues referred to in Conclusion of Law Number 2, and all other factors to be considered under the laws of the State of Texas;

. . . .

D. Respondent is in contempt of court for failure to pay child support as ordered in the Decree of Divorce which was modified by the Agreed Order Modifying Prior Order;

. . . .

2) Respondent is in arrears as of November 18, 1988 in the amount of $7,202.00.

In his first point of error, appellant complains that the trial court erred in concluding as a matter of law that the "Settlement and Release" agreement was void and unenforceable. I agree.

It appears that no reported Texas case has addressed the precise question of whether former spouses can validly compromise and settle a claim for accrued and unpaid child support, without first reducing the arrearages to judgment and obtaining court approval of the settlement agreement.

The majority opinion holds that the "Settlement and Release" agreement is void because it was signed by the parties prior to the child support arrearages being reduced to judgment under § 14.41(a) of the Texas Family Code. The majority relies on dicta in *Adair v. Martin* to the effect that unpaid child support is not a "debt" prior to its reduction to judgment, 595 S.W.2d

513, 515 (Tex.1980), and therefore the majority holds that the parties had no authority to reduce or modify child support arrearages by agreement.

I consider it relevant that, in the present case, the parties did not "reduce or modify" the amount of arrearages; rather, they provided for a manner of payment of the full amount of the arrearages over a period of time.

I also consider it relevant that after the 1980 Supreme Court decision in *Adair v. Martin*, the legislature amended § 14.41(a) of the Texas Family Code, effective January 1, 1987, as follows (italicized portion indicates additions to the old statute in effect at the time of *Adair*): [1]

> (a) Judgment for Arrearages. *A periodic child support payment not timely made shall constitute a final judgment for the amount due and owing.* On the motion of an obligee *or obligor,* after notice and hearing, the court shall *confirm the amount of child support in arrears and shall* render judgment against an obligor for any amount of child support unpaid and owing. *The judgment rendered by the court may be subject to a counterclaim or offset as provided by Subsection (c) of this section.* The judgment may be enforced by any means available for the enforcement of judgments for debts.

In my opinion, this amendment to § 14.41(a) simply clarified the existing legislative intent; I do not believe that it caused any substantive change in the rights of parties with regard to support arrearages. The legislature has made it clear that each accrued child support payment becomes a separate final judgment.

It is true that, as appellee argues, a *court* has no authority to reduce or modify the amount of child support arrearages. Tex.Fam.Code Ann. §§ 14.40(d), 14.41(d) (Vernon 1986). However, I believe that *the parties*—a "judgment creditor" and a

"judgment debtor"—have the right to settle and compromise a child support arrearage debt, as any other judgment debt.

This view is in accord with the rulings in other states that uphold settlement and release agreements between former spouses for *accrued* child support. *See, e.g., Andersen v. Andersen,* 89 Idaho 551, 407 P.2d 304, 307 (1965); *Brannock v. Brannock,* 104 N.M. 416, 722 P.2d 667, 670 (N.M.Ct.App.1985), *aff'd,* 104 N.M. 385, 722 P.2d 636 (N.M.1986); *Miller v. Miller,* 29 Or.App. 723, 565 P.2d 382, 385 (Oregon Ct.App.1977); *Hartman v. Smith,* 100 Wash.2d 766, 674 P.2d 176, 178 (1984). These out-of-state cases treat delinquent support payments as a debt owed to the former wife/managing conservator since she has already used her own funds to pay for the support of the children. Therefore, the cases cited provide that the former wife may, for sufficient consideration, release the former husband from the obligation to make support payments previously owing.

For the foregoing reasons, I would hold that the trial court incorrectly concluded that the "Settlement and Release" agreement is "void [because] (a) it is against public policy; (b) the parties cannot reduce the amount of child support arrearage; and (c) there was no court approval of the agreement."

I would further hold that the trial court's fourth stated reason for concluding the agreement is void, that "[there was a] failure of consideration in that Respondent promised to pay what he already owed," is incorrect. Appellant/respondent specifically denied that he owed all the amounts appellee claimed; the settlement of a contested lawsuit is in itself sufficient consideration to uphold a settlement agreement. *Schuh v. Schuh,* 453 S.W.2d 203, 204 (Tex. Civ.App.—Dallas 1970, no writ).

I would sustain appellant's point of error one, reverse the trial court's judgment, and

---

**1.** The statute in effect at the time of *Adair* was former Tex.Fam.Code Ann. § 14.09(c) [ch. 543, § 1, 1973 Tex.Gen.Laws 1411, 1426]. Section 14.09(c) was repealed by ch. 232, § 14, 1985 Tex.Gen.Laws 1158, 1170. Former section 14.-41(a), enacted within the same bill [ch. 232, § 9, 1985 Tex.Gen.Laws 1158, 1163], contained language similar to that of former § 14.09(c), with minor textual and substantive differences not relevant to this appeal. Section 14.41(a) was amended by ch. 10, § 6, 2nd Called Sess.1986, Tex.Gen.Laws 15, 17, effective January 1, 1987.

remand this cause to the trial court for reconsideration of the respective claims of the parties in light of their rights and obligations under the May 6, 1986 "Settlement and Release" agreement.