Augustus DABNEY, in the Interest of Scott T. Dabney and Patricia Dabney, children, Appellant,

v.

Virginia DABNEY, Appellee.

No. 4993.

Court of Civil Appeals of Texas, Eastland.

Feb. 24, 1977.

Robert O'Donnell, Dallas, for appellant.

Michael S. Copeland, Law Office of F. Ward Steinbach, Dallas, for appellee.

RALEIGH BROWN, Justice.

This is a domestic relations case involving the construction of Section 14.09 of the Texas Family Code.

Augustus Dabney and Virginia Dabney were divorced in 1970. The divorce decree awarded Virginia custody of two minor children of the marriage and ordered Augustus to pay as child support $150 per month or payment of fifteen percent of his gross monthly income not to exceed $300 per month and to maintain a $10,000 Veteran's Administration life insurance policy naming Virginia as irrevocable beneficiary.

Virginia Dabney in October, 1975, filed a motion for contempt alleging that Augustus Dabney had failed (1) to pay 44 semimonthly installments of $75 each for child support; (2) to give a semi-annual accounting of his income; (3) to maintain the insurance policy; and (4) to defray certain medical expenses. Mrs. Dabney's motion requests that Augustus Dabney be issued notice to appear and show cause why he should not be held in contempt. Her prayer prays that Mr. Dabney be held in contempt for willful disobedience of the court's order and "movant prays for general relief."

After a hearing before the court, judgment was granted Virginia Dabney against Augustus Dabney for child support payments in the sum of $3,300; $546 for premium payments made by Virginia Dabney on the Veteran's Administration insurance policy; and $237 for medical expenses not paid by Augustus Dabney. A total judgment was entered against Augustus Dabney for the sum of $4,083 plus interest at the rate of 9% per annum, plus attorney's fees in the amount of $814.44 plus interest at the rate of 9% per annum.

Augustus Dabney appeals contending the court erred (1) "in awarding a money judgment on a motion for contempt" and (2) "in awarding attorney's fees in a 14.09(c) judgment."

Section 14.09, Texas Family Code provides:

"Enforcement of Order

(a) Any order of the court may be enforced by contempt.

(b) A court may enforce an order for support as provided in Rule 308A of the Texas Rules of Civil Procedure or any subsequent version of the rule promulgated by the supreme court.

(c) On the motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgments for debts.

(d) A parent may be compelled to testify fully in regard to his ability to support the child."

This statute was construed in *Harrison v. Cox*, 524 S.W.2d 387 (Tex.Civ.App.—Fort Worth 1975, writ ref. n. r. e.), the court saying:

"We are convinced that the purpose of Art. 14.09 was to provide courts with efficient means of enforcing the payment of child support obligations and that the Legislature intended the different remedies provided by that Statute for the collection of child support to operate independently of each other as well as concurrently. In other words, it is not necessary for the facts in a case to be such that the court would be authorized to hold the defaulting parent in contempt of court before the court could render a judgment against him for delinquent child support payments as provided for in Art. 14.09(c). There are many instances where one of the remedies provided for by the Statute would be fruitless, but where the child support or a part thereof could be collected by means of the other remedy."

See also *Walker v. Sheaves*, 533 S.W.2d 87 (Tex.Civ.App.—San Antonio 1976, writ ref. n. r. e.).

■ Although the instant case began as a contempt proceeding, there is no point of error challenging the judgment on the ground it was not supported by the pleadings. Therefore, it must be presumed that the issue of Augustus Dabney's liability under the 1970 judgment of divorce was tried by consent and the court was justified in entering judgment pursuant to Section 14.-09(c), supra. *Holder v. Holder*, 528 S.W.2d 113 (Tex.Civ.App.—Tyler 1975, no writ); Rules 67 and 90, T.R.C.P.

Appellant's first point of error must fail.

■ Rule 308-A, T.R.C.P., authorizes attorney's fees for services in cases where the court has ordered periodical payments for child support to be taxed and collected as costs.

Although an award of attorney's fees would not be proper if the conduct of Augustus Dabney would not support a finding of contempt, the court in *Livingston v. Nealy*, 382 S.W.2d 511 (Tex.Civ.App.—Corpus Christi 1964, writ ref. n. r. e.) held:

" . . . where appellee was in default on his payments for child support, even though he was not punished for contempt, the trial court was authorized under Rule 308-A, Texas Rules of Civil Procedure, to assess a reasonable attorney's fee in favor of appellant to be taxed as costs. . . ."

Appellee would be entitled to attorney's fees for only that portion awarded for services rendered in enforcing the decree providing periodic payment for support and as authorized by Rule 308-A. There is nothing in the judgment that indicates the attorney's fees were awarded for any other service. The point of error is overruled.

The judgment is affirmed.