Gene SMITH, Trustee and Independent Executor of the Estate of Noel Dean Smith, Deceased, Appellant,

v.

Mildred Ann BRAMHALL, Individually and as next friend of Molly Ann Smith, a minor, Appellee.

No. 5780.

Court of Civil Appeals of Texas, Waco.

Sept. 8, 1977.

Rehearing Denied Oct. 13, 1977.

Clark Langford, Waxahachie, for appellant.

Donald R. Stout, Law Offices of Lynn B. Griffith, Gene Knize, Waxahachie, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Gene Smith, Executor of the Estate of Noel Dean Smith, from judgment against the Estate

---

for child support owed by the deceased at the time of his death.

Plaintiff Mildred Ann Bramhall, Individually and as next friend of Molly Ann Smith, a minor, sued defendant Gene Smith, Trustee and Independent Executor of the Estate of Noel Dean Smith, deceased, alleging plaintiff was the former wife and Molly Ann Smith was the minor daughter of the deceased; that the divorce decree between plaintiff and deceased decreed he pay $50. per month child support for Molly Ann; that he failed to pay; that he died; that claim was presented to defendant who rejected same; and that suit was instituted within 90 days of such rejection.

Defendant filed answer stating plaintiff's cause of action being for unpaid child support payments, not reduced to judgment prior to the death of deceased, in accordance with Section 14.09(c) Texas Family Code, did not survive the death of deceased.

Trial was to the court without a jury, which rendered judgment for plaintiff for $1500. plus $400. attorneys' fees.

Defendant appeals on one point asserting the trial court erred in rendering judgment for plaintiff because "plaintiff is not entitled to recover arrearage in court ordered child support payments from decedent's estate where arrearage was not reduced to judgment prior to decedent's death".

The trial court filed Findings and Conclusions summarized as follows:

## FINDINGS OF FACT

1) Mildred Ann Bramhall was divorced from Noel Dean Smith.

2) In such decree Mildred Ann Bramhall was awarded custody of Molly Ann Smith, and Noel Dean Smith was ordered to pay $50. per month child support.

3) Noel Dean Smith fell into arrears and owed $1500. at the time of his death.

4) The nonpayment of child support by Noel Dean Smith was willful.

5) The claim of Mildred Ann Bramhall is just, due and payable and there are no offsets or credits.

6) The claim was timely presented to defendant Gene Smith, Executor who rejected same.

7) Suit was instituted by plaintiff within 90 days of such rejection as required by Section 313 Texas Probate Code.

8) Plaintiff is entitled to $1500. for unpaid child support, plus interest from date of judgment.

9) Plaintiff is entitled to $400. reasonable attorneys' fee.

## CONCLUSION OF LAW

1) Pursuant to 14.09(c) Texas Family Code, plaintiff is entitled to judgment for $1500. unpaid child support, plus interest from date of judgment, plus reasonable attorneys' fees of $400. plus costs of court.

Prior to the Texas Family Code, Article 4639 V.A.T.S., now repealed, barred a cause of action as in this case.

On January 1, 1974 the Texas Family Code was enacted stating in part:

14.09(c) provides "On the motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgment for debts."

█ Unpaid child support is thus a debt for which judgment may be taken. *Ex Parte Harwell*, Tex.Civ.App. (Waco) NWH, 538 S.W.2d 667; *Harrison v. Cox*, Tex.Civ. App. (Ft. Worth) NRE, 524 S.W.2d 387; See also *Hutchings v. Bates*, S.Ct., 406 S.W.2d 419.

Section 37 of the Probate Code declares that a decedent's estate is responsible for the debts of the decedent.

█ In this case the deceased owed debt for child support; claim was made upon his executor for payment which was refused; and suit was then filed to collect same. The trial court was authorized to render

**114**

judgment for plaintiff for the debt for the child support against deceased's Executor.

Defendant's point is overruled.

AFFIRMED.