George Roland MARTIN, Jim Carl Martin, and Raymond Ire Martin, Executors of the Estate of James E. Martin, Appellants,

v.

Virginia ADAIR, Appellee.

No. 8250.

Court of Civil Appeals of Texas, Beaumont.

May 10, 1979.

Rehearing Denied June 7, 1979.

Marlin Thompson, Orange, for appellants.

Buddie J. Hahn, Vidor, for appellee.

CLAYTON, Justice.

Plaintiff, Virginia Adair, filed these original proceedings in the nature of a motion to reduce to judgment pursuant to *Tex. Family Code Ann. § 14.09* (Vernon 1975), Texas Family Code, against defendant as Independent Executors of the Estate of James E. Martin, deceased. Defendants have perfected this appeal from an adverse judgment against them.

Plaintiff and James E. Martin, deceased, were married on or about the 27th day of June 1955. On the 17th day of February 1960 a divorce decree was entered granting a divorce to plaintiff, granting plaintiff the "full care, custody and control of [their three] minor children," and ordering James E. Martin to pay child support in the sum of

$30.00 per week "until said children attain the age of eighteen years, respectively." James E. Martin died on the 11th day of August 1974. On August 29, 1974, the named defendants qualified as co-independent executors of the Estate of James E. Martin, deceased.

Plaintiff instituted these proceedings below, against defendants as Independent Executors of such estate on the 14th day of August 1975. Her First Amended Motion for Judgment states that James E. Martin, during his lifetime, had not complied with the divorce decree as to child support payments, and at the time of his death "he was indebted to Plaintiff in the amount of $6,477.94. . . . That pursuant to [the provisions of *Section 14.09*] of the Texas Family Code, Plaintiff moves that the Court render judgment against the Estate of James Eldridge Martin, for unpaid child support as alleged herein." The trial court, in a non-jury trial, entered judgment against the Estate of James Eldridge Martin, deceased, in the sum of $6,477.94 and awarded plaintiff the sum of $1,500 for attorney fees.

Although defendants have brought forward ten points of error, we are convinced the controlling question before this court is whether the Estate of James Eldridge Martin, deceased, is liable for the unpaid child support payments, as decreed by the trial court, under the facts heretofore stated.

*Tex.Prob.Code Ann. § 37* (Vernon Supp. 1978) provides that "when a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will . . . shall vest immediately in the devisees or legatees of such estate . . .; subject, however, to the payment of the debts of the testator . . .." Under this section of the Probate Code only debts of the deceased can be paid from the assets of the estate.

Child support payments, ordered by court decree, have been held not to be a debt within the meaning of our constitutional prohibition against imprisonment for debt. *Smith v. Bramhall,* 563 S.W.2d 238 (Tex. 1978); *Ex parte Birkhead,* 127 Tex. 556, 95 S.W.2d 953, 955 (1936); *Cunningham v.*

*Cunningham,* 120 Tex. 491, 40 S.W.2d 46, 51 (1931); *Ex parte Davis,* 101 Tex. 607, 111 S.W. 394 (1908); *Clay v. Siercovich,* 388 S.W.2d 25 (Tex.Civ.App.—Waco 1965, no writ).

Prior to the enactment of the Family Code, the only remedy available to the parent who had received custody of a minor child was to have the party owing the child support held in contempt of court. Contempt is still an available remedy under *Sec. 14.09(a)* and *(b)* of the Family Code. *Section 14.09(c)* now provides an additional remedy which is to file a motion to reduce unpaid child support to judgment. In *Harrison v. Cox,* 524 S.W.2d 387 (Tex.Civ.App. —Fort Worth 1975, writ ref'd n. r. e.), the court states:

"We are convinced that the purpose of *Art. 14.09* was to provide courts with efficient means of enforcing the payment of child support obligations and that the Legislature intended the different remedies provided by that Statute for the collection of child support to operate independently of each other as well as concurrently. . . ."

■ *Sec. 14.09(c)* of the Family Code provides that the court, upon proper motion, may render judgment against a defaulting party for any amount unpaid and owing after ten days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgments for debts. This statute was only intended to be an enforcement section. It does not create a new cause of action. *Houtchens v. Matthews,* 557 S.W.2d 581 (Tex.Civ.App.—Fort Worth 1977, writ dism'd).

Prior to the enactment of *Sec. 14.09* of the Family Code, there could be no recovery by the wife against her deceased husband's estate for the aggregate sums of unpaid child support payments. *Clay v. Siercovich,* supra.

We have found only one case holding the estate of a deceased husband liable for the delinquent child support payments. In

*Smith v. Bramhall,* 556 S.W.2d 112 (Tex.Civ. App.—Waco 1977), *writ ref'd n. r. e. per curiam,* 563 S.W.2d 238 (Tex.1978), the Court of Civil Appeals held that such delinquent payments constituted a debt for which judgment could be taken against the deceased husband's estate. The Supreme Court, in denying the application for writ of error, states, "Our action should not be interpreted as approving the conclusion of the Court of Civil Appeals that 'unpaid child support is . . . a debt for which judgment may be taken'. . . ." *Section 14.09(c)* of the Texas Family Code provides only that unpaid child support may be reduced to judgment and enforced by the same means as a judgment for a debt, not that such sums are debts. *Smith v. Bramhall,* supra at 239.

■ Since child support payments do not constitute a debt, such support payments are merely a personal obligation of the defaulting party. This obligation can only be enforced against the husband either by contempt proceedings or by the rendition of a judgment against him for such delinquent support payments. Once the judgment has been obtained against the defaulting party then such judgment can be enforced by the same means as a judgment for a debt. In the absence of a judgment against the defaulting party during his lifetime, a judgment cannot be taken against his estate.

The judgment of the trial court is reversed, and we render judgment that plaintiff take nothing.

REVERSED and RENDERED.