**Virginia ADAIR, Petitioner,**

v.

**George Roland MARTIN, Jim Carl Martin and Raymond Ire Martin, Executors of the Estate of James E. Martin, Deceased, Respondents.**

No. B–8627.

Supreme Court of Texas.

Jan. 30, 1980.

On Rehearing March 19, 1980.

Buddie J. Hawn, Michael L. Davis, Vidor, for petitioner.

Stephenson, Thompson & Dies, Marlin Thompson, Orange, for respondents.

STEAKLEY, Justice.

This is a proceeding instituted by the surviving wife, the mother of the three children of the marriage, against the executors of the estate of the deceased husband and father. Its purpose was to obtain a judgment for court-ordered child support payments that were unpaid at the time of the death of the father.

Virginia Adair and James E. Martin were married in 1955. They were divorced in 1960. The divorce decree granted Virginia Adair full custody of their three minor children and ordered James E. Martin to pay child support in the sum of $30.00 per week until the children attained "the age of eighteen years, respectively." Martin died on August 11, 1974. George Roland Martin, et al, qualified as co-independent executors of his estate on August 29, 1974. On August 14, 1975, Virginia Adair instituted this proceeding against them as such. She alleged that during his lifetime James E. Martin had not complied with the child support requirements of the divorce decree and at the time of his death was indebted to her in the sum of $6,477.94. She moved that the Court render judgment against the estate for such sum pursuant to the Texas Family Code. The trial court rendered judgment as prayed for, and awarded the additional sum of $1,500 as attorneys fees. The Court of Civil Appeals reversed this judgment and rendered judgment for the estate. It was the rationale of the Court that child support payments do not constitute a debt but only a personal obligation enforceable by contempt proceedings or rendition of a judgment against the defaulting father during his lifetime. 582 S.W.2d 547.

Section 14.09 of the Texas Family Code provides these remedies for the enforcement of child support obligations:

(a) Any order of the court may be enforced by contempt.

(b) A court may enforce an order for support as provided in Rule 308A of the Texas Rules of Civil Procedure or any subsequent version of the rule promulgated by the Supreme Court.

(c) On the motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgments for debts.

(d) A parent may be compelled to testify fully in regard to his ability to support the child.

Section 37 of the Texas Probate Code provides:

When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will . . . shall vest immediately in the devisees or legatees of such estate . . . ; subject, however, to the payment of the debts of the testator . . . . .

The case of *Smith v. Bramhall,* 556 S.W.2d 112 (Tex.Civ.App.1977), *writ ref'd n.*

*r. e. per curiam*, 563 S.W.2d 238 (Tex.1978), was a proceeding for a judgment of the same nature as here. There the trial court rendered judgment against the estate of the defaulting parent pursuant to Section 14.09(c). Upon appeal, the executor of the estate asserted by one point of error the invalidity of the judgment for delinquent child support payments because they had not been reduced to judgment prior to the death of the parent. The Court of Civil Appeals affirmed this judgment and wrote:

> In this case the deceased owed debt for child support; claim was made upon his executor for payment which was refused; and suit was then filed to collect same. The trial court was authorized to render judgment for plaintiff for the debt for the child support against deceased's Executor.

556 S.W.2d 113, 114.

The Court also wrote that "unpaid child support is thus a debt for which judgment may be taken." In our Per Curiam opinion denying the application for writ of error with the notation, Refused, No Reversible Error, we wrote that this action should not be interpreted as approving this conclusion of the Court of Civil Appeals. We said that Section 14.09(c) of the Texas Family Code provides only that unpaid child support may be reduced to judgment and enforced by the same means as a judgment for a debt, not that such sums are debts.

We thus agreed with the decision of the Court of Civil Appeals that unpaid court-ordered child support claims could be reduced to judgment after the death of a delinquent parent, and that such judgment would constitute a claim against the estate of the deceased parent. We did not agree, however, with the characterization of unpaid child support as a debt prior to its reduction to judgment.

The precise and only issue drawn by the parties in the application for writ here, and in the reply, is whether the Court of Civil Appeals erred in holding that a party entitled to receive child support payments is precluded from taking judgment against the estate of the defaulting parent. We upheld such a judgment in our ruling upon the application for writ in *Smith v. Bramhall*, and we do so here.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

## ON MOTION FOR REHEARING

George Roland Martin, et al., Respondents, have filed their Motion for Rehearing in which, among other things, our attention is called to the fact that they urged nine points before the Court of Civil Appeals which were not considered by that Court; these points are characterized by Respondents as "factual points that Respondents feel they are entitled to have considered by the Court of Civil Appeals." This appears to be true as to some of the points but all will be subject to consideration by the Court of Civil Appeals in the remand to that Court which is now ordered.

We adhere to our previous judgment to the extent that the judgment of the Court of Civil Appeals is reversed. We withdraw the portion of our judgment which affirms the judgment of the trial court. We modify our judgment to the extent that the cause is remanded to the Court of Civil Appeals. In all other respects, the Motion for Rehearing is overruled.

Accordingly, the judgment of the Court of Civil Appeals is reversed and the cause is remanded to that Court for determination of the points of error not heretofore considered.