George Roland **MARTIN, Jim Carl Martin, and Raymond Ire Martin,** Executors of the Estate of James E. Martin, Appellants,

v.

**Virginia ADAIR,** Appellee.

No. 8250.

Court of Civil Appeals of Texas, Beaumont.

June 12, 1980.

Marlin Thompson, Orange, for appellants.

Buddie J. Hahn, Vidor, for appellee.

CLAYTON, Justice.

Appellee instituted this original proceeding in the nature of a motion to reduce to judgment child support arrearages pursuant to *Tex.Family Code Ann. § 14.09* (Vernon 1975) against appellants as Independent Executors of the Estate of James E. Martin, deceased. In a non-jury trial, judgment was entered against appellants in the sum of $6,477.94 for delinquent child support and $1,500 attorney's fees.

In our former opinion, 582 S.W.2d 547, we held that a judgment could not be obtained against the estate of a defaulting party in a proceeding pursuant to *Tex.Family Code Ann. § 14.09* (Vernon 1975) for such child support. Our Supreme Court, 595 S.W.2d 513, reversed this case on that one point and remanded to this court for consideration of all other points urged by appellants.

The facts leading up to this litigation were fully stated in our former opinion, and we deem it unnecessary to repeat them here.

Appellants' first point is that the trial court "erred in taking jurisdiction in this cause and in not holding that the exclusive remedy was in the County Court at Law of Orange County, Texas, in Probate No. 4378." Appellants argue that the Estate of James Martin was pending in the County Court at Law, that the estate was still open and the claim for delinquent child support payments should have been presented to the independent executors, and, if refused, appellee should have brought suit in the County Court at Law upon such rejected claim. We do not agree.

■ Prior to the enactment of the Family Code, the only remedy for collecting child support was by contempt proceedings, and the person to whom such support was payable could not sue for and reduce the unpaid child support to judgment. *Harrison v. Cox*, 524 S.W.2d 387 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.). *Section 14.09* of the Family Code now provides an additional remedy which permits the filing of a motion to reduce unpaid child support to judgment. This does not create a new cause of action, but it is intended to be an enforcement section of the Family Code. *Houtchens v. Matthews*, 557 S.W.2d 581 (Tex.Civ.App.—Fort Worth 1977, writ dism'd).

■ An unenforceable claim against the estate of the deceased father who was in default in child support payments could not be charged against his estate in the absence of a judgment therefor, obtained pursuant to the provisions of *section 14.09*. Therefore, it was not necessary or proper to present such a claim to the executors of the estate before filing suit or motion to reduce the arrearages to judgment. The Supreme Court in *Adair v. Martin*, 595 S.W.2d 513 (Tex.1980), states that the judgment for such arrearages "would constitute a claim against the estate of the deceased parent."

■ Appellants further argue that the ten-day notice provision of *section 14.09(c)* is jurisdictional, and in the absence of such notice the trial court was without jurisdiction. This question has been decided adversely to appellants in *Ex parte Sturdivant*, 551 S.W.2d 144 (Tex.Civ.App.—Texarkana 1977, no writ). This point is overruled.

■ Appellants' second, third, and fourth points complain of error in not applying the two-year statute of limitations to appellee's claim, or the four-year statute and in applying the ten-year statute of limitations. These points are overruled. The appropriate statute of limitations in this case is *Tex.Rev.Civ.Stat. Ann. art. 5532* (Vernon 1958), a ten-year statute of limitations. *Mitchell v. Mitchell*, 575 S.W.2d 311 (Tex. Civ.App.—Dallas 1978, no writ); *Houtchens v. Matthews*, supra.

■ Appellants next complain of error in "holding that there was a judgment for support more than ten years past due when said judgment had not been abstracted or execution had not been obtained within one year." This point is overruled. Prior to the enactment of the Family Code, it was impossible for a person entitled to accrued child support payments to record an abstract of judgment or to take advantage of other enforcement methods available to one who has secured a final judgment. *Houtchens v. Matthews*, supra.

■ Appellants next complain of error in "applying the ten-year statute of limitations and further in using a first paid-first due theory of accounting so that it could render judgment for amounts due more than ten years past the date of institution of the cause of action." The real thrust of this complaint is the method of computation of amounts due resulting in "judgment for amounts due more than ten years" prior to filing suit. In the first instance we note that appellants did not plead the ten-year statute of limitations, thereby waiving the same, and cannot now complain of any amounts due more than ten years. *Naylor v. Gutteridge*, 430 S.W.2d 726 (Tex.Civ.App.

—Austin 1968, writ ref'd n. r. e.); *Turinsky v. Turinsky*, 359 S.W.2d 114 (Tex.Civ.App.— Dallas 1962, no writ); *Tex.R.Civ.P. 94.* Moreover, the general rule is that where a debtor makes payment to his creditor, without specifying the manner in which such payment is to be applied, the creditor may appropriate the payment to any one of the various debts owed him by such debtor. The power of the court to appropriate such unspecified payments to the older items of indebtedness is not affected by the fact that one or more of the items is barred by limitations. *Morgan v. Morgan*, 406 S.W.2d 347 (Tex.Civ.App.—San Antonio 1966, no writ); *Peden v. Carpenter*, 516 S.W.2d 19 (Tex.Civ.App.—Amarillo 1974, no writ); *Naylor v. Gutteridge*, supra. This point is overruled.

■ Appellants' eighth point of error complains of the trial court's rendition of "a judgment for $30 a week, when it was shown that at least one of the children had reached eighteen years of age before the date of death and the amount of child support should have been reduced in accordance with the terms of the decree of divorce." We sustain this point. The divorce decree provided that "defendant contribute to such support . . . the sum of [$30.00] per week, the first of said payments being due and payable on Friday, February 13, 1960, and a like payment being due . . . on each consecutive Friday thereafter until said children attain the age of eighteen years, respectively, or until further orders of this court." The oldest child reached the age of eighteen on December 29, 1973. The defendant father died August 11, 1974.

The above quoted support order, dated January 8, 1960, was certain as long as all three children were under eighteen years of age, but when the oldest child became eighteen, the divorce decree became ambiguous, indefinite, and uncertain as to what amount the father was obligated to pay. *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967). The trial court entered judgment in the case at bar for the total amount in arrearage, based upon $30 per week, up to the death of the father. We agree with appellants' contention that judgment should not have been entered for the total amount of child support payments, based upon $30 per week, for any period following the eighteenth birthday of the oldest child. The judgment of the trial court included the amount due after the oldest child became eighteen and until the death of the father, which was a period of thirty-one weeks. This amounted to a total of $930. The judgment of the trial court should be reformed so as to be reduced by $930.

■ Appellants next complain of the allowance of $1,500 as attorney's fees. There is no challenge to the reasonableness of the amount. Appellants challenge the legality or power of the court to award such fees in this proceeding.

The trial court is empowered to award attorney's fees in proceedings pursuant to *section 14.09*, of the Family Code, by the express terms of *section 11.18(a)* of the Family Code, and such has been authorized in *Dabney v. Dabney*, 548 S.W.2d 98 (Tex. Civ.App.—Eastland 1977, no writ). This point is overruled.

We have considered all other points urged by appellants, and, finding them to be without merit, they are overruled.

The judgment of the trial court awarding appellants the sum of $6,477.94 is reduced by $930 and is reformed to be in the sum of $5,547.94. As reformed, the judgment is affirmed.

The judgment is reformed and as reformed is AFFIRMED.