**Michael Patrick SANDFORD, Appellant,**

v.

**Wanda Gayle SANDFORD, Appellee.**

No. 05–86–00496–CV.

Court of Appeals of Texas
Dallas.

June 12, 1987.

Richard L. Ray, Canton, for appellant.

Thomas N. Turk, Richardson, for appellee.

Before STEPHENS, HECHT and THOMAS, JJ.

HECHT, Justice.

A 1974 judgment divorced Michael and Wanda Sandford, made Wanda managing conservator of their one-year-old daughter, and obligated Michael to pay $100 monthly child support. A 1976 agreed order reduced Michael's child support obligation to $50 monthly. On December 6, 1985, Wanda filed a motion to have Michael cited for contempt for failure to pay child support, or alternatively, for judgment for past due payments, asserting a total arrearage of $6,350 over a period from September 1974 through November 1985. After hearing, the trial court granted Wanda's motion and rendered judgment against Michael for $6,350 plus $1,200 attorney fees.

■ In his first point of error Michael contends that this judgment is void because it includes unpaid child support due more than ten years before Wanda filed her motion. Michael argues that Wanda's action is founded upon section 14.09(c) of the Texas Family Code,[1] to which a ten-year statute of limitation applies. *Huff v. Huff,* 648 S.W.2d 286 (Tex.1983). However, limitations is an affirmative defense which is waived if not pleaded. Rule 94, Texas Rules of Civil Procedure; *Franco v. Allstate Insurance Co.,* 505 S.W.2d 789, 793 (Tex.1974); *Martin v. Adair,* 601 S.W.2d 543, 545 (Tex.Civ.App.—Beaumont 1980, no writ). Michael did not plead limitations. Thus, if Michael's argument were correct,

he would have waived error. However, his argument is incorrect.

Wanda's action is not founded upon section 14.09(c), which was repealed effective September 1, 1985, but upon its replacement, section 14.41(a). It is true that before this change in the law, actions to reduce unpaid child support to judgment were authorized by section 14.09(c) and subject to what was then article 5532, Texas Revised Civil Statutes Annotated,[2] which provided:

A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment, and not after.

*Huff v. Huff,* 648 S.W.2d 286 (Tex.1983). Now, however, such actions are authorized by section 14.41(a) and subject to the following provision of section 14.41(b):

Time Limitations. The court may not enter a judgment for unpaid child support payments that were due and owing more than 10 years before the filing of the motion to render judgment under this section. . . .

Although the length of the limitation, ten years, has not changed, the nature of it has. Article 5532 limits when an action may be brought. Its wording, typical of statutes of limitation, does not restrict the jurisdiction of the court to hear untimely actions. *Stanton v. Brown,* 269 S.W.2d 853 (Tex.Civ.App.—Galveston 1954, no writ). Rather, it is a procedural statute of limitation, refuge to which is waived unless pleaded. *Martin v. Adair,* 601 S.W.2d 543, 545 (Tex.Civ.App.—Beaumont 1980, no writ). Antithetically, section 14.41(b) limits what a court can do. Its wording, atypical of statutes of limitation, restricts the pow-

---

1.  Tex.Fam.Code Ann. § 14.09(c), ch. 543, § 1, 1973 Tex.Gen.Laws 1411, 1426, *repealed by* Act of June 3, 1985, ch. 232, § 14, 1985 Tex.Gen. Laws 1158, 1170.

    Unless otherwise noted, all statutory references are to Texas Family Code Annotated.

2.  Law of Feb. 5, 1841, 1841 Tex.Gen.Laws 163, 164, 2 H. Gammel, Laws of Texas 627, 628

(1841), formerly codified as Tex.Rev.Civ.Stat. Ann. art 5532. Coincidentally, article 5532 was also repealed effective September 1, 1985. Act of June 16, 1985, ch. 959, § 9, 1985 Tex.Gen. Laws 3242, 3322. Its provisions were recodified as Tex.Civ.Prac. & Rem.Code Ann. § 31.006 (Vernon 1986).

er of the court to enter judgment contrary to its provisions. It is not procedural but substantive.

Therefore, we hold that section 14.-41(b) is a substantive limitation upon the power of the court to act which need not be pleaded as an affirmative defense.[3] Michael has not waived his complaint that the district court exceeded its authority in rendering judgment against him for child support payments delinquent more than ten years. *See also Ex parte Williams,* 704 S.W.2d 465 (Tex.App.—Houston [1st Dist.] 1986, no writ) (district court refused to render judgment for unpaid child support more than ten years in arrears notwithstanding defendant's apparent failure to plead limitations).

Accordingly, the district court erred in awarding Wanda judgment for child support payments due before December 6, 1975. Rule 4, Texas Rules of Civil Procedure. Michael argues that the judgment is therefore void and must be reversed. However, because we can determine with certainty the amount of payments erroneously included in the judgment, we can correct the judgment and affirm. Rule 80(b), Texas Rules of Appellate Procedure. *See Soto v. Doehne,* 625 S.W.2d 60, 64 (Tex.App.—San Antonio 1981, no writ); *Cook v. City of Booker,* 167 S.W.2d 232, 235 (Tex.Civ.App.—Amarillo 1942, no writ). Wanda's motion specifies the date and amount of each delinquent payment. Since judgment was for the full amount sought, we can assume that it included each pay-

ment set out in the motion. Fifteen payments totaling $1,500 were due before December 6, 1975. Thus, the judgment should be modified to reduce the amount awarded from $6,350 to $4,850.

In his second point of error Michael complains that the trial court erred in awarding attorney fees against him without finding him in contempt. An award of attorney fees is proper, however, if Michael's conduct would support a finding of contempt, regardless of whether he was actually held in contempt. *Smith v. Smith,* 643 S.W.2d 523, 525 (Tex.App.—Austin 1982, no writ). Michael's chronic failure to pay child support would support a finding of contempt. The authority to allow attorney fees against a person in default in paying child support depends not on whether the court actually holds such person in contempt but on whether the person is in default. *Saums v. Synoground,* 605 S.W.2d 373, 375 (Tex.Civ.App.—El Paso 1980, no writ).

Accordingly, we sustain Michael's first point of error, overrule his second point of error, modify the judgment by reducing the award of $6,350 to $4,850, and affirm the judgment as modified.

**3.** We do not decide here whether reliance upon section 14.41(b) may be waived other than by failure to plead.