COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN THE INTEREST OF C.P., J.L., J.L., AND L.A.L., CHILDREN. | § § § § § § § | No. 08-08-00350-CV |
| | | Appeal from the |
| | | 383rd District Court |
| | | of El Paso County, Texas |
| | | (TC# 85-11007) |

**O P I N I O N**

Appellant, Maria Delgado, appeals the trial court's child-support judgment in favor of Appellee, Juan Lara. For the following reasons, we affirm.

**BACKGROUND**

Maria Luisa Delgado and Juan Crisostomo Lara married and had four children. C.P., the oldest, was born on October 28, 1972, J.L. and J.L., the twins, were born on October 10, 1975, and L.A.L., the youngest, was born on October 24, 1980. In 1986, Delgado and Lara divorced. The divorce decree, which is not part of the appellate record, ordered Lara to pay child support in the amount of $124 each month. The parties do not dispute that amount or that the decree was silent as to when Lara's obligation ceased.

On November 2, 2006, the Attorney General filed a motion to confirm unpaid child support, alleging arrears in excess of $22,000. The matter was referred to the associate judge. At the hearing on the motion, the associate judge received into evidence the payment history attached to the Attorney General's motion alleging the arrearage. Lara, however, testified that he paid the entire amount. Delgado contested that Lara always paid the child support due, but noted that when he

turned 65, the children received over $200 in Social Security benefits each month. She also testified that L.A.L., the youngest, ran away when he was 15 years old. For a few months, L.A.L. lived with his uncle, but he later moved in with C.P. During that time, Delgado continued to support L.A.L.

At the conclusion of the hearing, the associate judge was concerned that L.A.L. became emancipated at age 15, and therefore, any child-support obligation terminated, rendering the Attorney General's motion to confirm untimely filed. The judge also noted that since Lara received an award for Social Security, one of the issues presented was whether those payments to his children, in an amount larger than the ordered child support, could offset or credit the arrearage amount, if any. The Attorney General waived any argument on the Social Security issue, and the associate judge thereafter stated that there "are zero arrears." The written judgment reflects that the associate judge "finds and confirms" that Lara was "in arrears in the amount of $zero," and that the court "grants and renders" judgment against Lara and in favor of the Attorney General in the amount of "zero." Delgado then appealed the associate judge's determination, and the trial court found no error in the judgment. Delgado now appeals that determination.[1]

**DISCUSSION**

Delgado brings two issues for our review. The first asserts that the trial court erred by granting a Social Security disability offset or credit to Lara's child-support arrearage when Section 157.262(a) of the Family Code, as in effect when the trial court rendered its judgment, did not authorize the offset or credit. And the second issue contests the trial court's authority to grant such a credit or offset when Lara never filed a motion to modify the original child-support order. Lara responds that the trial court never obtained jurisdiction over the motion to confirm arrearage as the motion was not brought within ten years after the date the child-support obligation terminated as a

---

[1] The Attorney General has not also appealed.

matter of law, and that even if the trial court had jurisdiction, because the trial court found no arrearage, there was no credit, nor was he required to file a motion to modify.

**Jurisdiction**

Initially, we address Lara's jurisdictional contention. Section 157.005 of the Family Code addresses how long a court retains jurisdiction to confirm child-support arrearages. *See In re S.C.S.*, 48 S.W.3d 831, 834 (Tex. App. – Houston [14th Dist.] 2001, pet. denied). As applicable in this case, the statute limits a trial court's jurisdiction to confirm a child-support arrearage and render a cumulative monetary judgment for past-due child support where the motion for enforcement was filed not later than the tenth anniversary after the date the child became an adult, or on which the child-support obligation terminated under the order or by operation of law. TEX. FAM. CODE ANN. § 157.005(b) (Vernon 2008).

The parties do not contest that the original decree of divorce is silent as to the duration of the child-support obligation. When the decree is silent, the child-support obligation terminates on the marriage of the child, the removal of the child's disabilities for general purposes, the death of the child, or upon a finding by a court that the child was 18 years of age or older and has failed to comply with the enrollment or attendance requirements for school, or enlists in the armed forces. *See* TEX. FAM. CODE ANN. § 154.006(a) (Vernon 2008). Here, Lara contends that his child-support obligation terminated when L.A.L. left home at 15, claiming L.A.L.'s disabilities were removed, that is, he alleges L.A.L. was emancipated by operation of law when he left Delgado's home to live with C.P., the oldest child, from the time he was 15 years old until he reached age 18. Thus, Lara asserts that the motion to confirm child-support arrearage was not timely filed.

L.A.L. was born on October 24, 1980. The motion to confirm arrearage was filed on November 2, 2006. Therefore, if L.A.L. was emancipated at age 15, as claimed by Lara, the motion

to confirm arrearage was due no later than October 24, 2005. *See* TEX. FAM. CODE ANN. § 157.005(a). However, if L.A.L. was not emancipated, the motion to confirm was timely filed as it fell within ten years from the time L.A.L. was 18. *See id.*; TEX. FAM. CODE ANN. § 154.006(a).

*Standard of Review*

Whether a minor has been emancipated is ordinarily a fact question to be determined from the statements and conduct of the parents and other surrounding circumstances where the evidence on the issue is conflicting. *Durham v. I.C.T. Insurance Co.*, 283 S.W.2d 413, 415 (Tex. Civ. App. – Dallas 1955, writ dism'd); *Smith v. Rickerts*, 38 S.W.2d 644, 647 (Tex. Civ. App. – Amarillo 1931, no writ). However, when the evidence is undisputed, the question is one of law. *Smith*, 38 S.W.2d at 647.

*Application*

In Texas, a minor's cessation of living with the managing conservator, without more, is insufficient to establish emancipation. *See Williams v. Patton*, 796 S.W.2d 526, 531 (Tex. App. – Houston [1st Dist.] 1990), *aff'd on other grounds*, 821 S.W.2d 141 (Tex. 1991); *Laird v. Swor*, 737 S.W.2d 601, 603 (Tex. App. – Beaumont 1987, no writ); *In the Matter of the Marriage of Barrera*, No. 01-87-00773-CV, 1988 WL 10847, at *1 (Tex. App. – Houston [1st Dist.] Feb. 11, 1988, no writ) (op., not designated for publication). Here, the evidence adduced at the hearing before the associate judge revealed that although L.A.L. left home at age 15 to live with his uncle and later with C.P., Delgado continued to support L.A.L. by forwarding money for his care. There was no evidence to the contrary, much less any assertion that L.A.L. was supporting himself. *Cf. Wones v. City of Houston*, 281 S.W.2d 133, 134 (Tex. Civ. App. – Galveston 1955, no writ) (noting that minor was emancipated when he lived apart from his father and was supporting himself). Accordingly, based on the facts of this case, we hold, as a matter of law, that L.A.L. was not emancipated when he left

Delgado's home at age 15. *See In re Mexican Restaurants, Inc.*, Nos. 11-04-00154-CV, 11-04-00155-CV, 2004 WL 2850151, at *1-2 (Tex. App. – Eastland Dec. 2, 2004, no pet.) (mem. op., not designated for publication) (finding no emancipation when daughters lived in a separate apartment since father continued to exercise control over them, their services, and their earnings); *In re Marriage of Barrera*, 1988 WL 10847, at *1-2 (finding no emancipation when daughter left mother's house to live with friends when mother continued to pay for daughter's everyday items and medical expenses); *see also Hildebrand v. Hildebrand*, 477 N.W.2d 1, 5 (Neb. 1991) (finding no emancipation when daughter moved into an apartment to be on her own but still continued to be supported by her parents); *Durfee v. Durfee*, 796 P.2d 713, 718 (Utah Ct. App. 1990) (finding no emancipation when son moved from mother's home to grandmother's home during school year where payments to mother were forwarded to grandmother and used to support son).

Because L.A.L. was not emancipated at age 15, any disabilities were not removed and the motion to confirm child-support arrearage was timely filed as it fell within ten years from the time L.A.L. was 18. *See* TEX. FAM. CODE ANN. §§ 157.005(a), 157.006(a). Accordingly, the trial court had jurisdiction to entertain the motion to confirm arrearage.

**The Issues**

We now turn to Delgado's issues, which contest the trial court's offset or credit for Social Security disability payments. According to Delgado, the statutes in effect at the time the trial court rendered its judgment did not provide for such an offset or credit (Issue One),[2] and even if the

---

[2] We note that Delgado is challenging the credit of Social Security payments on appeal, arguing that at the time the trial court rendered judgment, the Family Code did not provide for any Social Security disability credit against child-support arrearages. If the trial court credited Social Security disability payments, we may find merit in her contention. *See In the Interest of G.L.S.*, 185 S.W.3d at 60; *Stevens*, 84 S.W.3d at 722; *In the Interest of S.J.T.*, No. 07-03-0523-CV, 2005 WL 2385449, at *1 (Tex. App. – Amarillo Sept. 28, 2005, no pet.) (mem. op., not designated for publication); *In re R.L.S.*, No. 09-05-426-CV, 2006 WL 1428860, at *2 (Tex. App. – Beaumont May 25, 2006, no pet.) (mem. op., not designated for publication) (cases concluding that the Family Code did not authorize a credit for Social Security Disability payments); *see also* TEX. FAM. CODE ANN. § 157.009 (Vernon Supp.

statutes did, the trial court could not grant the credit since Lara never filed a motion to modify (Issue Two). However, our review of the record reflects that the trial court found and confirmed no arrearage; thus, we find nothing in the record to suggest that the trial court granted a Social Security credit, and based on our determination that no credit was given, Lara, therefore, was not required to file a motion to modify in this case. Accordingly, Delgado's arguments fail.

*Standard of Review*

We review a trial court's order confirming child-support arrearages under an abuse-of-discretion standard. *Beck v. Walker*, 154 S.W.3d 895, 901 (Tex. App. – Dallas 2005, no pet.); *Tate v. Tate*, 55 S.W.3d 1, 5-6 (Tex. App. – El Paso 2000, no pet.). With regard to factual matters, a trial court abuses its discretion when it acts arbitrarily or unreasonably, and with regard to legal matters, a trial court abuses its discretion when it fails to act without reference to any rules or guiding principles. *Beck*, 154 S.W.3d at 901. Failure to analyze or apply the law correctly constitutes an abuse of discretion. *Attorney Gen. of Tex. v. Stevens*, 84 S.W.3d 720, 722 (Tex. App. – Houston [1st Dist.] 2002, no pet.).

In rendering a final judgment for child-support arrearages, the trial court follows a two-step process. *In re G.L.S.*, 185 S.W.3d 56, 59 (Tex. App. – San Antonio 2005, no pet.). First, the trial court, acting as a mere scrivener, mechanically tallies the arrearage amount. *Id.*; *Curtis v. Curtis*,

---

2010) (providing for a credit of Social Security Disability benefits to child-support arrearage for monetary judgments rendered on or after June 19, 2009). But the record reflects that neither Lara nor his sons received any Social Security disability benefits. Rather, they received old age Social Security payments. Indeed, Delgado testified at the hearing that her sons started receiving Social Security payments when Lara turned 65, and the Attorney General, in its Brief in Support of the Motion for Enforcement, noted that the payments were Social Security old age benefits. Further, Lara's briefs to the trial court and this Court note that the benefits paid were old age Social Security benefits. Delgado raises no challenge, nor does she offer any briefing, argument, analysis, or citation to authority as to whether the trial court could credit old age benefits towards the child-support arrearage pursuant to Section 154.133 of the Family Code, which since 2001, has provided for the reduction of child support when receiving old age Social Security benefits. *See* TEX. FAM. CODE ANN. § 154.133 (Vernon 2008). Nevertheless, because our discussion below reveals that the trial court found no arrearage, there was no credit given. Accordingly, we need not address the interplay of Social Security credits in this case.

11 S.W.3d 466, 471 (Tex. App. – Tyler 2000, no pet.). At this point, the trial court has no authority to reduce or modify the amount of arrearages. *In re G.L.S.*, 185 S.W.3d at 59; *Beck*, 154 S.W.3d at 903. Second, after the mechanical calculation is made, the trial court applies any statutory offsets, credits, or counterclaims before rendering the final judgment. *In re G.L.S.*, 185 S.W.3d at 59; *Beck*, 154 S.W.3d at 903; *see also* TEX. FAM. CODE ANN. § 157.262(a) (Vernon Supp. 2010) ("Except as provided by this section, in a contempt proceeding or in rendering a money judgment, the court may not reduce or modify the amount of child support arrearages."); TEX. FAM. CODE ANN. § 157.262(f) ("The money judgment for arrearages rendered by the court may be subject to a counterclaim or offset as provided by this title."). An award of child support may be modified only by the filing of a motion in the court. *See* TEX. FAM. CODE ANN. § 156.002 (Vernon 2008); *see also Hudson v. Markum*, 931 S.W.2d 336, 337 (Tex. App. – Dallas 1996, no writ); *Ex parte McIntyre*, 730 S.W.2d 411, 416 (Tex. App. – San Antonio 1987, no writ).

*Application*

We will begin by addressing whether the court found any arrearage at all. Logically, if the court found no arrearage, no credit was given, and Delgado's arguments fail. No findings of fact or conclusions of law were requested, and we find the appellate record, in this regard, to be vague.

The record reflects that the Attorney General filed a financial activity report alleging Lara failed to pay over $22,000 in child support, and at the hearing on the motion to confirm, the associate judge received that report into evidence. Lara, however, testified that he paid the entire amount and that he provided financial records showing he paid the amount to his attorney. At the conclusion of the hearing, the associate judge noted that Lara received an award for Social Security and that one of the issues was whether those payments to his children, which were in an amount larger than the ordered child support, could offset or credit the amount owed. After requesting argument on that

issue, to which the Attorney General waived, the associate judge stated that there "are zero arrears."

This colloquy may suggest that the judge found an arrearage but credited the Social Security benefits.

However, the written judgment states that the court "finds and confirms" that Lara was "in arrears in the amount of $zero," and that the court "grants and renders" judgment against Lara and in favor of the Attorney General in the amount of "zero." As noted before, the trial court, in rendering a final judgment for child-support arrearages, must first confirm the arrearage amount by acting as a mere scrivener and has no authority to reduce or modify the amount of arrearages. *In re G.L.S.*, 185 S.W.3d at 59; *Beck*, 154 S.W.3d at 903. It is only after the mechanical calculation is made that the trial court may apply any statutory offsets, credits, or counterclaims before rendering the final judgment. *In re G.L.S.*, 185 S.W.3d at 59; *Beck*, 154 S.W.3d at 903. It therefore follows that if the trial court found sufficient proof to support the arrearage claimed by the Attorney General, the court would have entered that amount on the written judgment where it states that it "finds and confirms" that Lara was "in arrears in the amount of $_____." The trial court then would have credited the Social Security benefits and "granted" and "rendered" judgment against Lara and in favor of the Attorney General in the reduced amount. Here, however, the written judgment reflects that the trial court confirmed that there was "zero" arrears. This, the trial court was entitled to find based on Lara's testimony that he satisfied his child-support obligation. *See* TEX. FAM. CODE ANN. § 157.162(c) (Vernon 2008) (not limiting the methods of evidence offered by respondent to controvert a payment record attached to a motion to confirm); *In re A.C.B.*, 302 S.W.3d 560, 564-65 (Tex. App. – Amarillo 2009, no pet.) (although testimony regarding amounts owed was conclusory, trial court had discretion to disbelieve witness); *cf. Garner v. Garner*, 200 S.W.3d 303, 308 (Tex. App. – Dallas 2006, no pet.) ("As the fact finder, the trial court had the discretion to disbelieve appellant's testimony and was not required to accept appellant's evidence of his income and net

resources as true. Because the trier of fact is in a better position to determine the candor, demeanor, and credibility of the witnesses, we will not substitute our judgment for that of the trial court.") (citations omitted).

In short, because the record reflects that the trial court may have determined that there were no arrears to confirm in the first place based on Lara's testimony to the same, we cannot conclude that the trial court credited any Social Security benefits to the absent arrears, much less that Lara was required to file a motion to modify the child support before the trial court could credit any Social Security payments. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990) (when no findings of fact or conclusions of law were requested or filed, it is implied that the trial court made all the findings necessary to support its judgment); *In re C.C.J.*, 244 S.W.3d 911, 917 (Tex. App. – Dallas 2008, no pet.) (requiring appellate review of the evidence in the light most favorable to the order, indulging in every presumption in favor of the trial court's ruling). Consequently, we discern no abuse of discretion in the trial court's finding of no arrears and overrule Delgado's first and second issues.

## CONCLUSION

The trial court's judgment is affirmed.


_____
GUADALUPE RIVERA, Justice

September 29, 2010

Before Chew, C.J., McClure, and Rivera, JJ.